ANTONIO JAMES, a Minor, by his Mother and Next Friend, Pearl James, Plaintiff-Appellant, *v.* THE CHICAGO TRANSIT AUTHORITY, Defendant-Appellee.

First District (2nd Division)    No. 62384

Opinion filed October 12, 1976.

Arthur R. Waddy, of Partee & Green, of Chicago (Stephen J. Broussard, of counsel), for appellant.

Sal M. Bianchi, Michael G. Artery, and John J. O'Toole, all of Chicago, for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

The minor plaintiff, Antonio James, commenced this action in January 1975 by his mother and next friend, Pearl James, for personal injuries sustained in April 1964 when he was allegedly struck by a bus owned and operated by defendant, the Chicago Transit Authority. Defendant filed a motion to dismiss the complaint under section 48(1)(f) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par 48(1)(f)) on the ground that liability had been released pursuant to a consent judgment entered in September 1969 in a lawsuit filed in 1964 between the same parties and involving the same occurrence. Plaintiff's reply to the motion to dismiss challenged the validity of the 1969 judgment on the alternate grounds that his mother, as next friend in the 1964 action, did not know or consent to the settlement agreement which formed the basis of the 1969 judgment; or that the settlement agreement in the 1964 action was fraudulently secured by trial counsel retained by his mother and who was also appointed by the court as his guardian ad litem. The reply also established that plaintiff was born on January 5, 1958. After hearing arguments of counsel, the trial court ordered the 1975 complaint stricken and dismissed the cause.

Plaintiff contends that a parent, who sues as the legal representative of her child, retains the right to approve a settlement of the case, despite the fact that the attorney retained by her in the action is also appointed as the child's guardian ad litem for the purpose of effecting a settlement of the matter. He argues that his mother, as next friend in the 1964 action, had not been a party to the 1969 settlement, that she gave no consent to such agreement, and that the 1969 judgment which is based upon that agreement is void as a fraud upon the court.[1] Plaintiff, in the pleadings and in his brief on this appeal, does not challenge the 1969 judgment on the basis of his minority, nor does he question the propriety of the appointment of the 1964 action trial counsel retained by his mother to be his guardian ad litem for purposes of effecting a settlement in the 1964 action.

■■ Assuming without deciding that plaintiff's mother's consent was necessary to effect a valid settlement of the 1964 action, the lack of such consent or knowledge on her part of the settlement agreement did not render void the trial court's judgment based thereon. If a personal injury

---

[1] It does not appear whether an appeal was taken from that 1969 judgment.

settlement is procured through fraud, whether active or constructive, the court is not thereby deprived of jurisdiction of the parties or the subject matter. (See, *e.g., Parker v. Board of Trustees* (1966), 74 Ill. App. 2d 467, 470, 220 N.E.2d 258.) A judgment based upon fraud, the nature of which gives the trial court only colorable jurisdiction, is void and may be attacked at any time. On the other hand, fraud in the nature as alleged here, which occurs after the trial court acquires jurisdiction in the action, renders the judgment voidable only. (*Schwarz v. Schwarz* (1963), 27 Ill. 2d 140, 144-45, 188 N.E.2d 673; see also *City of Danville v. Clark* (1976), 63 Ill. 2d 408, 411, 348 N.E.2d 844.) A voidable judgment can be collaterally attacked only within the prescriptions of section 72 of the Civil Practice Act. *Johnson v. Hawkins* (1972), 4 Ill. App. 3d 29, 31-33, 280 N.E.2d 291; Ill. Rev. Stat. 1973, ch. 110, par. 72.

■■ Plaintiff's 1975 complaint, as evidence by his reply to the defendant's motion to dismiss, proceeds on the theory that the 1969 judgment is absolutely void. No attempt is made to secure relief from that judgment on the basis of section 72 of the Civil Practice Act[2] or on the basis of plaintiff's minority, and no question is raised as to the propriety of the appointment of trial counsel as guardian ad litem in the 1964 action for purposes of the settlement. The 1969 judgment is, at its worst, voidable only. Plaintiff has not proceeded in a proper manner to render that judgment void, and the trial court properly ordered the 1975 complaint stricken and the cause dismissed, pursuant to section 48(1)(f) of the Civil Practice Act. Ill. Rev. Stat. 1973, ch. 110 par. 48(1)(f).

■■ We recognize that in actions involving minors, courts are obliged to see that the minor's rights are adequately protected and that the court of review is bound to notice substantial irregularities at trial although not there raised on the minor's behalf. (*Muscarello v. Peterson* (1960), 20 Ill. 2d 548, 170 N.E.2d 564.) Such a principle applies to trial errors whereas here plaintiff failed to advance a proper cause of action. Plaintiff, however, is not prejudiced by the dismissal of the instant action since the record discloses that he has recently reached majority and his right to commence action in his own behalf to test the validity of the 1969 judgment is not affected thereby. See, *e.g., Scheffki v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co.* (1971), 1 Ill. App. 3d 557, 274 N.E.2d 631.

For these reasons the order of the circuit court of Cook County striking plaintiff's 1975 complaint and dismissing the cause is affirmed.

Order affirmed.

STAMOS, P. J., and JIGANTI, J., concur.

---

[2] Ill. Rev. Stat. 1973, ch. 110, par. 72.