(No. 55946.—

VULCAN MATERIALS COMPANY v. BEE CON-
STRUCTION *et al.* (Waner Heating and Air Condi-
tioning Corporation, Appellee, v. Chicago Title Insur-
ance Company, Appellant).

*Opinion filed April 13, 1983.*

Robert S. Cushman, Minard E. Hulse, Jr., and Monica L. Thompson, of Keck, Mahin & Cate, and Stuart Finkle, all of Chicago, for appellant.

Di Monte & Lizak, of Chicago (Alan L. Stefaniak, Eugene A. Di Monte, and Bruce A. Salk, of counsel), for appellee.

JUSTICE MORAN delivered the opinion of the court:

Two cases appealed from the circuit court of Cook County were consolidated by the appellate court. Both involved the foreclosure of numerous mechanics' liens on title to property located in the village of Niles commonly known as the Green Lakes Shopping Center. Appellant, Chicago Title Insurance Company (Chicago Title), insured a mortgage interest in the property which included protection against losses from mechanics' liens.

In 1973, a subcontractor, Vulcan Materials Company (Vulcan), brought one of the cases to foreclose its mechanic's lien on the property. Appellee, Waner Heating and Air Conditioning Corporation (Waner), who had also filed mechanic's liens against the property, was allowed to intervene in the case in 1976 (lien case). In the other case, Dovenmuehle, Inc., a mortgagee of the shopping center property, filed an action to foreclose its mortgage in 1977 and named Waner as a defendant. Waner subsequently answered and by way of counterclaim also sought to foreclose its liens in this case (mortgage case). It is the lien and mortgage cases that are before us on appeal.

In a separate proceeding, the property involved was sold for taxes (tax case). The tax purchasers at the tax sale assigned their interest to two individuals. These individuals later petitioned the court in the tax case to order the issuance of tax deeds. Waner was given notice of this proceeding but failed to appear. Tax deeds were issued to the two assignees, who subsequently quitclaimed their interest in the property to Chicago Title.

Chicago Title then filed motions to dismiss all of the mechanics' lien claims in both the lien and mortgage cases. The court granted these motions, finding that Chicago Title's tax deeds represented superior title, and extinguished all prior claims. Only Waner appealed. A majority of the appellate court reversed (101 Ill. App. 3d

30), holding that Chicago Title's motions to dismiss were improperly granted because Chicago Title had fraudulently invoked the jurisdiction of the court in the tax case to obtain the tax deeds. We granted Chicago Title leave to appeal.

Chicago Title has raised various issues. Our review of the record reveals one issue to be dispositive of the appeal: Was the trial court in the tax case without jurisdiction to order the tax deeds to issue?

The record reveals that in 1972 American National Bank and Trust Company (American) held legal title, in various land trusts, to the property involved. The beneficiary of these trusts, Morris Suson, was the owner of Bee Construction Company, which acted as developer and general contractor for construction of the shopping center. In 1973, after some initial construction was completed, Bee Construction failed to pay Vulcan for materials supplied and Vulcan instituted the lien case.

In August of 1974, Dovenmuehle made a loan of $7.3 million to American, on Suson's behalf, to further the construction of the shopping center. Dovenmuehle was given a mortgage as security for the loan. To protect its mortgage interest, Dovenmuehle obtained a mortgage insurance policy from Chicago Title which included protection against any losses from mechanics' liens.

In 1975, Suson experienced financing problems. He failed to pay numerous subcontractors, and construction delays ensued. Thereafter, Suson defaulted on Dovenmuehle's construction loan and did not pay the 1975 real estate taxes. The shopping center property was then sold, pursuant to court order, at the annual tax sale in November 1976 to Interstate Bond Company and Thornton, Ltd. There is no dispute over the validity of this sale. Any person with an interest in the property had two years from the date of this sale to redeem the property. (Ill. Rev. Stat. 1975, ch. 120, par. 734.) Two months

after the sale Dovenmuehle instituted the mortgage case. In August 1978, while the lien and mortgage cases were pending, Interstate Bond Company and Thornton, Ltd., assigned their certificates of purchase of the tax-delinquent property to George Mergili and Janice Zondlo Wajda, claimed employees of Chicago Title. In November 1978, Mergili and Wajda, ostensibly as individuals, filed petitions in the tax case requesting an order for tax deeds to the shopping center pursuant to section 266 of the Revenue Act of 1939 (Act) (Ill. Rev. Stat. 1975, ch. 120, par. 747). Under this section, a tax-sale purchaser or his assignee, within five months of the expiration of the redemption period, may file a petition for tax deeds in the same proceeding in which the judgment for sale was entered. The Act provides that the purchaser or his assignee must give notice of the sale and the expiration date of the redemption period to owners, occupants and parties interested in the property. (Ill. Rev. Stat. 1975, ch. 120, par. 744.) The initial two-year redemption period on the shopping center property was to expire in November 1978 when the petitions were filed. However, Mergili and Wajda extended the redemption period to November 1979. See Ill. Rev. Stat. 1975, ch. 120, par. 744.

Waner admits being served with notice, but neither appeared in nor objected to the proceedings in the tax case. After a hearing on November 30, 1979, the tax court entered an order directing the issuance of tax deeds to Mergili and Wajda. In doing so, the court expressly found that the redemption period had expired and the property had not been redeemed; that all taxes and special assessments had been paid; and that the petitioners had complied with all the provisions of law entitling them to tax deeds, including the notice provisions. On December 3, 1979, Mergili and Wajda quitclaimed to Chicago Title their interests obtained in the property

through the tax deeds.

In February 1980, Chicago Title filed motions to dismiss all of the mechanics' lien claims in the lien and mortgage cases. In response, Waner requested time to discover the relationship between Chicago Title and Dovenmuehle in an attempt to prove that Chicago Title's tax deeds were acquired fraudulently and were therefore void. On May 9, 1980, the court in both the lien and mortgage cases denied Waner's request and granted Chicago Title's motion to dismiss. Waner then appealed to the appellate court from these orders.

After filing its notices of appeal, Waner discovered three letters attached to the pleadings in a separate class action suit, then pending trial in the circuit court, concerning the relationship between Chicago Title and Dovenmuehle. Waner was not a party in that suit, but requested that the appellate court take judicial notice of and consider the contents of these letters in ruling on the pending appeals in the lien and mortgage cases.

The appellate court, without mention in its opinion, took judicial notice of these letters and considered the facts alleged in them in ruling on the propriety of Chicago Title's motion to dismiss. Based upon the unproved pleadings in the pending class action suit, the court found that Chicago Title, through its employees Mergili and Wajda, had misrepresented facts before the tax court in order to obtain the tax deeds. The majority then concluded Chicago Title had fraudulently invoked the jurisdiction of the tax court and that this rendered both its jurisdiction and subsequent order issuing the tax deeds void.

Waner admits that its challenge of the tax deeds in the lien and mortgage cases constitutes a collateral attack upon the tax court's order for issuance of tax deeds. It does so on the basis that the tax court's order is void.

An order is rendered void not by error or impropriety but by lack of jurisdiction by the issuing court. (*Farlow v. Oliver* (1963), 29 Ill. 2d 493, 499.) This court has repeatedly held that a tax-sale proceeding is *in rem* and the court acquires jurisdiction over the land when the county collector makes his application for judgment and order for sale. (*Smith v. D.R.G., Inc.* (1976), 63 Ill. 2d 31, 35; *First Lien Co. v. Markle* (1964), 31 Ill. 2d 431, 436; *Urban v. Lois, Inc.* (1963), 29 Ill. 2d 542, 546; *Shapiro v. Hruby* (1961), 21 Ill. 2d 353, 358; *Cherin v. R. & C. Co.* (1957), 11 Ill. 2d 447, 454.) Once acquired, the court retains its jurisdiction to make all necessary findings and enter all necessary orders supplemental to the original tax sale. *Smith v. D.R.G., Inc.* (1976), 63 Ill. 2d 31, 35.

It is well established that once a court acquires jurisdiction, subsequent fraud, concealment, or perjury will not render its order void. (*Schwarz v. Schwarz* (1963), 27 Ill. 2d 140, 144-45; *Barnard v. Michael* (1945), 392 Ill. 130, 136-37; *People v. Sterling* (1934), 357 Ill. 354, 364.) Here the court, in the tax case, acquired jurisdiction over the shopping center property in 1976 when the county collector filed his application for judgment and order for sale. It retained jurisdiction to issue all necessary orders, not only to effectuate the sale, but to order issuance of tax deeds. In the instant case, the alleged, but unproved, fraud occurred after the property had been sold at the tax sale, which was after the tax court had acquired jurisdiction. Fraud, if any, subsequent to that time would render the tax court's orders voidable, but not void for lack of jurisdiction.

Our determination that the tax deeds were at most voidable renders Waner's collateral attack in the lien and mortgage cases improper. Under section 266 of the Act, tax deeds were incontestable except by direct appeal or by filing a motion under section 72 of the Civil Practice

Act (Ill. Rev. Stat. 1975, ch. 110, par. 72).

On appeal, the parties have not disputed the appellate court's use of judicial notice. We note that judicial notice may be taken of factual evidence where the facts are capable of immediate and accurate demonstration by resort to easily accessible sources of indisputable accuracy. (*People v. Davis* (1976), 65 Ill. 2d 157, 165.) However, where the facts are derived from pleadings in a case not involving the same parties and are not proved, judicial notice is improper. (But *cf. Walsh v. Union Oil Co.* (1972), 53 Ill. 2d 295 (judicial notice of other proceedings may be proper where the same parties are involved and the allegations from those proceedings have been proved).) Moreover, what was said in *Ashland Savings & Loan Association v. Aetna Insurance Co.* (1974), 18 Ill. App. 3d 70, 78, is applicable here:

> "[A] court will not take judicial notice of critical evidentiary material not presented in the court below, and this is especially true of evidence which may be significant in the proper determination of the issues between the parties."

Waner also filed a motion in this court to strike certain portions of Chicago Title's reply brief. This motion was taken with the case. The disputed sections of Chicago Title's reply brief refer to a subsequent section 72 proceedings brought by Waner in the tax case. Those proceedings are beyond the record in this appeal and, for the reasons stated above, have not been considered in determining the propriety of Chicago Title's motions to dismiss Waner's mechanic's lien claims in the lien and mortgage cases. Therefore, Waner's motion to strike is allowed.

For the reasons stated, the judgment of the appellate court is reversed and the judgments of the circuit court of Cook County in cases 73—CH—978 and 76—CH—477 (cons.) and 77—CH—613 are affirmed.

*Appellate court reversed;*
*circuit court affirmed.*