CHARLES R. CRIST, Plaintiff-Appellee, *v.* HOWARD QUAM *et al.,* Defendants-Appellants.

First District (1st Division)   No. 83—2403

Opinion filed July 2, 1984.

Rick Halprin, of Chicago, for appellants.

Arvey, Hodes, Costello & Burman, of Chicago (Donald F. Spak and A. Marcy Newman, of counsel), for appellee.

JUSTICE GOLDBERG delivered the opinion of the court:

Charles R. Crist (plaintiff) filed a verified petition for registration in Illinois of a judgment entered in Florida on May 14, 1981, in favor of plaintiff and against Howard Quam and Lester Quam (defendants). (See Ill. Rev. Stat. 1983, ch. 110, par. 12—601 *et seq.*) Defendants filed a response and affirmative defenses. On August 11, 1983, plaintiff filed a motion for summary judgment. After hearing argument of counsel, the trial court entered judgment in favor of plaintiff and against defendants in the amount of $25,413.05. Defendants have appealed.

During January of 1977, defendant Lester Quam was operating a motor boat in Broward County, Florida. This vessel was owned by his father, Howard Quam. It collided with another craft owned by plaintiff. Plaintiff filed suit against the defendants in the circuit court of Broward County, Florida. Defendants retained a Florida attorney, Phillip C. Asher. The case was set for trial on May 14, 1981. The parties and their attorneys appeared before the court. The court was about to proceed with jury selection when the court was advised that

attorney Asher had made an offer of settlement which was $5,000 less than plaintiff's counsel, Fred J. Ward, and plaintiff were willing to accept. The court indicated that attorney Asher should attempt to obtain more authority. Attorney Asher made a telephone call, then came back and told the court and attorney Ward that he had authority to settle the case for $25,000 if plaintiff would accept this offer. Plaintiff's counsel did accept the offer and judgment was accordingly entered on May 14, 1981, for $25,000 in favor of plaintiff and against defendants.

Shortly thereafter, attorney Asher was discharged by defendant Howard Quam. Instead Mr. Quam employed William T. Laswell, who substituted as attorney for the defendants.

Attorney Laswell filed a motion to vacate the Florida judgment. This motion was denied by the Florida court. Defendant Howard Quam instituted proceedings against attorney Phillip Asher in the Supreme Court of Florida. Also, the defendants filed an action against attorney Asher in the United States District Court, Northern District of Florida. It appears that a motion for default judgment has been made against the defendants' former attorney Phillip Asher, who has never responded to the complaint.

On September 8, 1981, the defendants, represented by attorney William Laswell, appealed from the judgment order entered in the circuit court of Broward County to the District Court of Appeals, Fourth District of Florida. This appeal was dismissed for lack of prosecution by said appellate court on May 26, 1982.

In this court defendants contend that the law of Florida governed these proceedings and plaintiff may not register the judgment, which was obtained as a result of a fraud upon the Florida court resulting in a violation of defendants' constitutional rights. Plaintiff takes the position that there was no fraud and no violation of constitutional rights of any kind, so that the Florida judgment should be duly registered in Illinois.

The issue here is whether an actual fraud was carried out against the circuit court of Broward County in Florida. Plaintiff correctly cites the decision of this court in *Grant, Schon, Wise & Grant, P.C. v. R. W. Borrowdale Co.* (1983), 114 Ill. App. 3d 89, 92, 448 N.E.2d 574, where this court held:

> "When asked to register a foreign judgment, the forum court may constitutionally inquire into the proceedings of the sister State to determine whether such court had jurisdiction of the subject matter and of the parties. If this inquiry reveals an error which (1) renders the foreign judgment void according to

the law of the foreign State, or (2) deprives the foreign court of jurisdiction over the contesting party according to the general constitutional principles of due process, the foreign judgment has no constitutional claim to full faith and credit."

It appears clear from the above that we are not dealing with a situation which rendered the foreign judgment void according to the law of Florida or which deprived the Florida court of its jurisdiction in accordance with general constitutional principles of due process. The law of Illinois is also definite on this point. For example, in *Grant* this court carefully analyzed the situation and held that a denial of a continuance, even if erroneous or resulting from an abuse of discretion, did not render the judgment void under the law of Illinois. (114 Ill. App. 3d 89, 93.) Similarly, *Vulcan Materials Co. v. Bee Construction* (1983), 96 Ill. 2d 159, 165, 449 N.E.2d 812, shows that, "[a]n order is rendered void not by error or impropriety but by lack of jurisdiction by the issuing court." The supreme court also stated at that point (96 Ill. 2d 159, 165):

"It is well established that once a court acquires jurisdiction, subsequent fraud, concealment, or perjury will not render its order void."

Another authoritative decision to the same effect is *James v. Chicago Transit Authority* (1976), 42 Ill. App. 3d 1033, 356 N.E.2d 834. This court pointed out that if fraud occurs after the trial court acquires jurisdiction of the action, the resulting judgment is not void but voidable only. (42 Ill. App. 3d 1033, 1035.) Thus, it is abundantly clear that under the law of Illinois the judgment sought to be registered is not void but remains in full force and effect.

The same result is true under Florida law. In *Truitt v. Truitt* (Fla. App. 1980), 383 So. 2d 276, a judgment for dissolution of marriage was entered. The wife dismissed with prejudice her counterclaim to recover on a promissory note. The husband had testified that the signature on the note was not his. More than two years later the wife brought action upon the note. The trial court dismissed the action with prejudice on the ground of *res judicata*. The Florida Court of Appeal considered the matter and affirmed the dismissal. The court reasoned that since the issue had been actually tried, or could have been tried, the judgment should not have been collaterally attacked.

Defendants cite *Alexander v. First National Bank* (Fla. App. 1973), 275 So. 2d 272. We find this decision, earlier than *Truitt*, reaches the same result. It should also be pointed out that *Alexander* and *Truitt* are concerned with conduct of one of the litigants,

whereas the instant case involves alleged misconduct by defendants' counsel.

Applying the holdings of the courts of Illinois and of Florida to this situation, it follows necessarily that the judgment in question was not subject to any infirmity under the law of Illinois or the law of Florida. Apparently this was the same determination reached by the Florida court when it denied defendants' motion to vacate the judgment. Manifestly, the disagreement between the defendants and their former attorney, or even the lack of authority of the attorney to make an offer of settlement, does not constitute a fraud upon the Florida court which entered the judgment. That court had full and complete jurisdiction of the subject matter and of the parties. It follows that the summary judgment order appealed from for registration of the Florida judgment in Illinois was legal and proper in all respects. Said order is accordingly affirmed.

BUCKLEY, P.J., and CAMPBELL, J., concur.