*In re* TAX DEED PETITION OF OPAL THOMAS (Citizens Federal Bank, as successor to American Savings Bank, as successor to Champaign Loan and Building Association, Petitioner-Appellant, v. Opal Thomas, Respondent-Appellee (Cle Easley, Defendant)).

Fourth District   No. 4—91—0559

Opinion filed February 20, 1992.

James E. Trausch, of Jaros, Tittle & O'Toole, Ltd., of Chicago, for appellant.

David C. Thies and Alan R. Singleton, both of Webber & Thies, P.C., of Urbana, for appellee.

JUSTICE LUND delivered the opinion of the court:

This is an appeal from an order of the circuit court of Champaign County, denying Citizens Federal Bank's motion under section 2—1401 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401), seeking to set aside an order granting respondent Opal Thomas' application for a tax deed. The trial court held relief under section 2—1401 of the Code required the presence of fraud and found insufficient evidence of fraud "to allow the vacating of the tax deed." We reverse.

The subject real estate was encumbered by a mortgage given to American Savings Bank and recorded September 21, 1979. Petitioner is the successor of American Savings Bank. The real estate was sold for taxes to a tax-sale buyer named Noble, and the initial redemption date was October 20, 1989. Respondent is an assignee from Noble. As the redemption deadline approached, respondent arranged for a search of records for the purpose of finding title owners and parties who had interest in the title. By mistake, respondent determined that the petitioner's mortgage had been released, and no notice of the redemption deadline or the application for a deed was given to petitioner. An order was entered allowing the application for the tax deed. Subsequently, the section 2—1401 motion was filed.

■ The sale of real estate for taxes and the obtaining of a tax deed consists of a two-step process. First, there is a tax sale as provided by sections 224, 229, 230, and 232 of the Revenue Act of 1939 (Act) (Ill. Rev. Stat. 1989, ch. 120, pars. 705, 710, 711, 713). Under section 253 of the Act (Ill. Rev. Stat. 1989, ch. 120, par. 734), redemptions are allowed for a period of two years from the date of the tax sale. Section 263 of the Act provides that a tax deed may be obtained after the period of redemption has expired but, prior to the issuance of that deed, notice must be given "not less than 3 months nor more than 5 months prior to the expiration of the period of redemption *** to the owners, occupants and parties interested in the premises." (Ill. Rev. Stat. 1989, ch. 120, par. 744.) Section 266 of the Act (Ill. Rev. Stat. 1989, ch. 120, par. 747) provides for the petition, notice, and issuance of the deed.

■ Our supreme court has held that a tax sale proceeding is *in rem* and the court acquires jurisdiction when the county collector makes application for judgment and order of sale and this jurisdiction is retained, not only to effect the sale, but also to order issuance of the tax deeds. *Vulcan Materials Co. v. Bee Construction* (1983), 96 Ill. 2d 159, 165, 449 N.E.2d 812, 814.

■ Regardless of the jurisdiction over the real estate, the notice requirements to "parties interested" to be given at the time of the tax-sale procedures are not as stringent as those provided for the required notice to be given near the end of the redemption period. Mortgagees are "parties interested." (*Rosewell v. Chicago Title & Trust Co.* (1984), 99 Ill. 2d 407, 459 N.E.2d 966.) *Rosewell* holds that actual notice to a mortgagee of the tax sale is not required to satisfy due process. (*Rosewell*, 99 Ill. 2d at 412-14, 459 N.E.2d at 968-69.) However, that determination is based in part upon the factors that mortgagees can avoid forfeiture by redeeming (*Rosewell*, 99 Ill. 2d at 413, 459 N.E.2d at 969), and notice of the expiration of the redemption period is given the mortgagee (*Rosewell*, 99 Ill. 2d at 416, 459 N.E.2d at 970).

Our supreme court has stated that "we adhere to our previous holdings that section 72 [(now section 2—1401)] relief in tax-deed cases is limited to those cases where fraud is proved or the judgment is void." (*In re Application of County Treasurer* (1982), 92 Ill. 2d 400, 408, 442 N.E.2d 216, 220 (hereinafter *Congua*).) That decision specifically held the error by the deputy sheriff in service of notice and reliance on the sheriff's erroneous return did not establish fraud in the section 72 tax fraud proceedings. (*Congua*, 92 Ill. 2d at 408-09, 442 N.E.2d at 220.) However, the court further stated the following: "Nor do we believe that a policy of favoring the validity of tax deeds in a collateral proceeding in any way undermines the trial court's obligation to insist upon strict compliance with the statutory requirements." (*Congua*, 92 Ill. 2d at 406, 442 N.E.2d at 219.) The mortgagee in the application in the *Congua* case did receive written notice of the redemption deadline by registered mail.

■ We conclude that the facts in the present case call for either a finding of lack of due process or a finding that fraud existed as a matter of law. It is obvious that one seeking the issuance of a tax deed must provide for the title search. If an adequate search and a careful review of that search had taken place in the present case, the petitioner's mortgage and the name of the petitioner would have been discovered. In other words, absent negligence or actual fraud, the petitioner would have been given notice of the forthcoming termination of the redemption period.

We hold that under these facts fraud should be deemed to exist as a matter of law. This case is not like *Congua*, where a sheriff's deputy made the mistake. That mistake was outside the control of the party seeking the tax deed. In this case, the mistake was made by the respondent or her agent. If we are going to allow one applying for a tax

deed to claim mistake in checking titles as justification for failing to give statutory notice, we are going to invite actual fraud. The burden on tax-deed purchasers to give notice to parties interested in the premises is correctly placed on those who will benefit from the tax deed. They should not be able to avoid statutory requirements by relying on their own mistakes.

The trial court's decision is reversed and the cause remanded, so that petitioner shall now have the opportunity to avoid the forfeiture.

Reversed and remanded with directions.

McCULLOUGH and COOK, JJ., concur.