52 F.3d 328
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Melanie M. STARNES, Plaintiff-Appellee,
v.
PREMIER TRUST SERVICES, INC., an Illinois Corporation,
Defendant-Cross Claim Plaintiff-Appellee,
v.
Gary C. STARNES, Defendant-Cross Claim Defendant-Appellant.
 No. 94-1350.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 6, 1995.*
Decided April 17, 1995.
 
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 This diversity case requires us to determine whether Gary C. Starnes (Gary) retains any beneficial interest in a land trust. This appeal is the culmination of a nine-year saga with many twists and turns, the necessary portions of which we shall now recite:
 
 
 2
 Plaintiff-Appellee Melanie M. Starnes (Melanie) is Gary's former wife; Gary and Melanie divorced in 1989. In 1986, Gary placed their Oregon, IL property in a land trust (the trust). The current trustee is Premier Trust Services, Inc. (Premier Trust). Under the terms of the trust, Melanie is listed as the sole (100%) beneficiary. Gary, however, signed the trust agreement as a co-beneficiary, see R. 80, Deposition Exhibit 41 (Trust Agreement), and Melanie agrees that Gary was to be the beneficiary in the event of Melanie's death. R. 80, Melanie Starnes Deposition at 108. In addition, Gary states that he believes he retained a beneficial interest in the trust because of the Starnes' relationship as "man and wife." R. 58, Exhibit C (Gary Starnes Deposition) at 59.
 
 
 3
 When the couple divorced in 1989, the Kane County (IL) Circuit Court adopted the Starnes' marital separation agreement, which called for the sale of the trust property. The agreement stated that one-third of the proceeds from the sale would belong to Melanie and two-thirds would belong to Gary. R. 74, Exhibit B (Judgment for Dissolution of Marriage). Melanie contends that the entirety of Gary's two-thirds share would then be paid to her as child support; Gary argues that only a portion of his share would be paid to Melanie. The property, however, was never sold.
 
 
 4
 In 1991, a $110,000 mortgage was taken on the Oregon, IL property. The mortgage is held by Mount Morris Savings and Loan Association (Mount Morris). The mortgage agreement bears the signatures of Gary Starnes, Melanie Starnes, and a representative of Premier Trust. Melanie alleges that she never signed the mortgage agreement nor did she authorize or ratify the mortgage. Gary states that he signed Melanie's name on the agreement with her knowledge and consent. The mortgage payments are currently in arrears, and Mount Morris is threatening to foreclose on the mortgage.
 
 
 5
 In 1992, claiming that Gary had breached his duty under the divorce agreement to sell the property and pay child support, Melanie brought a motion to compel in Kane County Circuit Court. The court granted her motion and ordered Gary to convey his interest in the Oregon, IL property to Melanie. Gary then executed a quitclaim deed, giving all his interest in the property to Melanie. Neither the deed, the court order, nor the motion to compel mention the existence of the trust.
 
 
 6
 In 1993, Melanie, now a resident of Utah, brought this suit against Premier Trust and Mount Morris, both Illinois corporations. She seeks a declaration that she has no obligation to Mount Morris under the mortgage.[1] In addition, Melanie claims that Premier Trust breached its fiduciary duty as trustee by mortgaging the property without her consent. Premier Trust now wishes to resign as trustee. Under the terms of the trust, it may do so if Melanie appoints a successor trustee. Melanie has not named a successor, and the Trust Agreement provides that, in this situation, Premier Trust may resign by "convey[ing] the trust property to the beneficiaries in accordance with their respective interests." R. 80, Deposition Exhibit 41 (Trust Agreement). Premier Trust filed a counterclaim, naming Melanie and Gary as defendants and seeking a declaration from the court of who has what rights under the trust. Premier Trust, Mount Morris, and Melanie have since negotiated a settlement agreement. The settlement, however, is contingent on a declaration by the court that Gary has no beneficial interest in the trust. The district court issued a summary judgment order stating that Gary has no such interest and certified the judgment as final and immediately appealable under Fed.R.Civ.P. 54(b). Gary appeals.[2]
 
 I. Choice of Law
 
 7
 A federal court sitting in diversity must apply the choice of law rules of the jurisdiction in which it sits. Widley v. Springs, Nos. 94-1453 & 94-1454, slip. op. at 10 (7th Cir. January 20, 1995); see also Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 1021 (1941). This suit was brought in the Northern District of Illinois. Illinois generally follows a "most significant contacts" approach to choice of law questions. Widley, slip. op. at 11-12; cf. Ingersoll v. Klein, 262 N.E.2d 593, 596 (Ill.1970). In this case, the trust was executed in Illinois, the trust property is in Illinois, the divorce was finalized in an Illinois court, the mortgage is held by an Illinois corporation, defendant and trustee Premier Trust is an Illinois corporation, and the Starneses formerly resided in Illinois, although Melanie is now in Utah and Gary is now in Pennsylvania. The state with the most significant contacts is Illinois, so Illinois substantive law should apply.[3]
 
 II. The Trust Agreement
 
 8
 Melanie argues that Gary retains no interest in the trust because the trust agreement lists her as the sole, 100 percent beneficiary. Gary, however, signed the trust agreement as a co-beneficiary, and at her deposition, Melanie stated that Gary retained an interest in the event of Melanie's death. R. 80, Melanie Starnes Deposition at 108. In addition, Gary argues that the trust was marital property and that he retained an interest as Melanie's husband. See R. 58, Exhibit C (Gary Starnes Deposition) at 59.[4] The divorce agreement appears to support Gary's view that the trust was marital property, as Melanie was to receive only one-third of the income from the sale of the trust property. A disputed amount of Gary's two-thirds share would be paid to Melanie as child support, but whether the entire two-thirds would go to Melanie is not clear from the record or from the plain language of the divorce agreement.[5] Thus, under the terms of the trust agreement and the divorce agreement, a genuine issue of material fact exists as to whether Gary retains any beneficial interest in the trust.
 
 III. The Quitclaim Deed
 
 9
 Next, Melanie and Premier Trust argue that even if Gary once held a beneficial interest in the trust, his quitclaim deed conveyed that interest to Melanie in 1992.[6] While this argument seems persuasive, and the intent of the quitclaim deed and the Kane County court order requiring the conveyance may well have been to transfer Gary's beneficial interest in the trust to Melanie, the quitclaim deed did not accomplish this result. In Illinois, a quitclaim deed is an accepted method of transferring real estate or real property. 765 ILCS 5/10. A beneficial interest in an Illinois land trust, however, is not a real property interest; it is a personal property interest. IMM Acceptance Corp. v. First Nat'l Bank and Trust Co. of Evanston, 499 N.E.2d 1012, 1015 (Ill.App.1986) ("while the common law trust creates a split between the legal title in the trustee and the equitable title in the beneficiary, the Illinois land trust places both the legal and equitable title in the trustee.... [T]he beneficiary's interest in the trust is said to be personal property."), appeal denied, 505 N.E.2d 353 (Ill.1987).[7] Thus, an Illinois appellate court has held that a beneficial interest in a land trust may not be transferred by quitclaim deed. In re Estate of Crooks, 638 N.E.2d 729, 734 (Ill.App.1994). In addition, a quitclaim deed will not constitute an express or equitable assignment of the beneficial interest in a land trust if the deed merely describes the property and does not refer to the trust. Id. at 734-35. Gary's 1992 quitclaim deed describes the Oregon, IL property, but it does not refer to the trust. Thus, under Crooks, we may not construe the deed as an assignment of Gary's beneficial interest in the trust to Melanie.
 
 IV. The Kane County Circuit Court Order
 
 10
 The 1992 Kane County Circuit Court order directed Gary to convey his interest in the property to Melanie.[8] The order does not mention the existence of the trust, and if we must interpret the order narrowly (as Crooks requires us to construe quitclaim deeds), we may not construe the order to constitute an assignment of Gary's beneficial interest in the trust to Melanie. The order, however, unlike a quitclaim deed, is not a specialized form of transfer that applies only to real property. Rather, the Kane County Circuit Court sought to enforce the divorce agreement, which provided that the Oregon, IL property would be sold and that Gary would pay child support to Melanie out of his share of the proceeds. Because the property had not been sold, Gary had not paid child support to Melanie. The Kane County court obviously intended to transfer Gary's interest in the property to Melanie, whether a personal or real property interest, so she could use the proceeds as child support.
 
 
 11
 The instant case is an equitable action: Melanie and Premier Trust seek a declaration that Gary retains no beneficial interest in the trust. "The recognition, execution and control of a trust or equitable interest is a matter exclusively within the jurisdiction of equity." County of Cook v. Barrett, 344 N.E.2d 540, 549 (Ill.App.1975); see also People ex rel. Daley for Use of Cook County v. Warren Motors, Inc., 483 N.E.2d 427, 431 (Ill.App.1985), aff'd, 500 N.E.2d 22 (Ill.1986). Under Illinois law, "equity considers that as done which ought to be done." Cesena v. DuPage County, 582 N.E.2d 177, 180 (Ill.1991), cert. denied, 112 S.Ct. 1953 (1992); Just Pants v. Wagner, 617 N.E.2d 246, 249 (Ill.App.1993). As noted above, the Kane County court intended to transfer Gary's interest in the trust to Melanie. By ordering Gary to convey to Melanie his interest in the real property rather than the land trust, the court may not have used the proper form. In an equitable action, however, Illinois law requires us to look past the form to the substance of the Kane County court order. Cf. Kassuba v. Realty Income Trust, 562 F.2d 511, 513 (7th Cir.1977); Reese v. Melahn, 292 N.E.2d 375, 379 (Ill.1973); Just Pants, 617 N.E.2d at 253; In re Custody of Mayes, 409 N.E.2d 12, 15 (Ill.App.1980). We have no doubt that the court intended to transfer Gary's beneficial interest in the trust as well as whatever real property interest he may have retained in the Oregon, IL property to Melanie. Thus, equity demands that we construe the Kane County court order as an assignment of any beneficial interest in the trust that Gary may have possessed to Melanie. Gary retains no beneficial interest in the trust. Accordingly, the judgment of the district court is
 
 
 12
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 The district court dismissed (apparently without prejudice) Melanie's claim against Mount Morris. R. 19, Order of April 1, 1993. This dismissal is not at issue in this appeal. Mount Morris, while no longer officially a party to this suit, is a party to the ongoing settlement negotiations
 
 
 [2]
 Gary argues that we should set aside the district court's decision because he was not properly notified of Premier Trust's motion for summary judgment and thus was not able to file a timely response. After its initial entry of summary judgment, however, the district court allowed Gary's late response and reconsidered the summary judgment motion. Thus, any prejudice that Gary may have suffered was cured by the district court's subsequent actions
 
 
 [3]
 In addition, according to the Restatement, if a land trust does not specify what jurisdiction's law shall apply to its construction, the law of the situs applies. Restatement (Second) of Conflicts Sec. 277(2)
 
 
 [4]
 A beneficial interest in a land trust may qualify as marital property under Illinois law. See In re Marriage of Phillips, 594 N.E.2d 353, 365 (Ill.App.1992) (beneficial interest in land trust listed as marital property)
 
 
 [5]
 The relevant portion of the agreement states, "The marital home is located in Oregon, Illinois, and has an estimated fair market value of $150,000 subject to an equity loan of $60,000. The parties agree that said marital home shall be offered for sale at such price as shall net at least $140,000 after payment of commissions and sale expenses. Wife agrees to join in the conveyance of the premises and shall receive one-third of the net proceeds from said sale in compensation of her homestead and statutory one-third interest therein. Husband shall receive the remaining two-thirds of the net proceeds from said sale, and he shall then in turn pay to the Wife as and for obligations for child support, his contribution towards medical and dental expenses (past, present, and future) and for her towards his contribution for post-high school education expenses." R. 80, Deposition Exhibit 1 (Marital Separation Agreement)
 
 
 [6]
 Gary argues that the quitclaim deed is invalid because the attorney who represented him in the proceedings before the Kane County court that ordered him to execute the deed was also representing Melanie and thus should not have been allowed to act on his behalf. This is not, however, a sufficient basis to invalidate the deed. The Kane County court ordered Gary to convey his interest in the property to Melanie, see R. 93, Kane County Circuit Court Order, and, under Illinois law, we must respect this judgment unless the court acted without jurisdiction. Vulcan Materials Co. v. Bee Construction, 449 N.E.2d 812, 814 (Ill.1983). Gary does not allege that the Kane County court was fraudulently induced to take jurisdiction over the motion to compel. See id. at 814-15. Thus, he may attack the Kane County court order only by direct appeal or by filing a motion to vacate the judgment under 735 ILCS 5/2-1401. See id.; In re Application of Cook County Collector, 593 N.E.2d 538, 548 (Ill.App.1991)
 
 
 [7]
 The beneficiary of an Illinois land trust may retain some types of real property interest in the res of the trust. Thus, a transfer of a beneficial interest in an Illinois land trust falls within the Statute of Frauds. IMM, 499 N.E.2d at 1016. Any real property interest that Gary may have possessed in the trust property was transferred to Melanie by the 1992 quitclaim deed
 
 
 [8]
 The order states in relevant part, "Defendant [Gary] is ordered to immediately convey his interest in the property located in Oregon, Illinois, being the parties' previous marital home, to the Plaintiff [Melanie]." R. 93, Kane County Circuit Court Order