NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 221091-U

NO. 4-22-1091

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 24, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| MONTEL GUIDEN, | ) | No. 17CF1273 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William G. Workman, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Turner and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed, finding defendant failed to attach necessary
supporting material to his postconviction petition or sufficiently explain its
absence.

¶ 2    Following an August 2019 bench trial, defendant, Montel Guiden, was found
guilty of aggravated driving under the influence (DUI) (625 ILCS 5/11-501(D)(2)(C) (West
2016)). In August 2022, defendant filed a *pro se* postconviction petition alleging ineffective
assistance of trial counsel. The trial court summarily dismissed the petition. On appeal, defendant
argues the court erred in dismissing his petition where trial counsel provided ineffective
assistance for failing to investigate and challenge whether arresting officers complied with
National Highway and Traffic Safety Administration (NHTSA) protocols when administering his
field sobriety tests. We affirm.

¶ 3                                I. BACKGROUND

¶ 4    In November 2017, defendant was charged by indictment with aggravated DUI, his fourth offense after three prior DUI convictions in 2003, 2004, and 2006. Defendant waived a jury and proceeded to a bench trial.

¶ 5    At trial, police officer Ryan Strebing testified he observed defendant fail to signal when turning on three separate occasions. He performed a traffic stop. Strebing stated he was trained to administer field sobriety testing in accordance with NHTSA guidelines both when he was hired by the Champaign Police Department and through a refresher course upon joining the Bloomington Police Department. Under the NHTSA guidelines, there are three phases of a DUI traffic stop: (1) when the vehicle is in motion, (2) personal contact, and (3) field sobriety testing. Regarding the first phase, Strebing recounted defendant's failure to signal three times within a couple of minutes as a clue for impairment. During the personal contact phase, Strebing noted defendant had bloodshot eyes and slurred speech. Strebing stated he did not smell the odor of alcohol coming from defendant, but defendant continually turned his head away from Strebing, which Strebing found odd. Strebing later inspected defendant's mouth and did not smell an odor of alcohol then either.

¶ 6    Defendant provided Strebing with a restricted driving permit. Defendant's restricted driving permit required him to have a breath alcohol ignition interlock device (BAIID) installed in the vehicle he was driving, and he was only permitted to drive within a certain radius of a Chicago, Illinois address. Because the vehicle defendant was operating did not have a BAIID installed, he was taken into custody. Defendant was transported to the parking garage of the Bloomington Police Department to perform field sobriety testing.

¶ 7    Strebing stated he administered the horizontal gaze nystagmus test according to NHTSA guidelines. Strebing observed defendant exhibit four out of six clues of impairment.

Strebing observed defendant exhibit five out of eight clues of impairment for the walk and turn test and three out of four clues of impairment during the one-leg stand test. Strebing believed defendant was under the influence based upon his observations and subsequently arrested defendant for suspicion of DUI. Strebing noted he smelled alcohol on defendant's breath during field sobriety testing and when defendant was in the back seat of his police vehicle.

¶ 8　　　　　Police officer John Fermon testified he was the field training officer who assisted Strebing's traffic stop. Fermon observed defendant in the driver's seat, an adult passenger, and two children in the back seat not in the required child safety seats. Fermon performed a vehicle inventory search and discovered two open containers of alcohol approximately one-quarter full underneath the driver's seat, a cannabis pipe in the center console, and an alcohol container under the passenger's seat. During cross-examination, Fermon stated he supervised Strebing while he administered the field sobriety testing on defendant. Fermon believed defendant was impaired based upon his experience and observations of defendant.

¶ 9　　　　　Defendant testified he did not have "anything to drink" on the date of the incident. A.C. Rogers, a friend of defendant, was seated in the passenger's seat. According to defendant, Rogers entered the car with a bag and, shortly thereafter, defendant learned Rogers's bag contained alcoholic beverages. Defendant denied anyone consumed the alcohol contained in Rogers's bag while in the car.

¶ 10　　　　　The trial court found defendant guilty of DUI.

¶ 11　　　　　Defendant, through posttrial counsel, filed a motion for a new trial. Defendant argued (1) the State failed to prove him guilty beyond a reasonable doubt, (2) the trial court erred in denying his motion for a directed verdict and denying his objections to "certain" evidence and witness testimony offered by the State, and (3) his trial counsel was ineffective for failing to

object to witness testimony offered by the State and failing to introduce the entirety of the video evidence presented at trial. The court denied defendant's motion.

¶ 12 Defendant was sentenced to four years in prison for his aggravated DUI conviction in this case and received a consecutive one-year sentence in an unrelated McLean County case.

¶ 13 Defendant filed a motion to reconsider his sentence, arguing the trial court erred when considering both aggravating and mitigating factors. The court denied defendant's motion.

¶ 14 Defendant filed a direct appeal, arguing his jury trial waiver was not knowingly and voluntarily made. We affirmed. *People v. Guiden*, No. 4-20-0584 (Mar. 1, 2022) (unpublished summary order).

¶ 15 In February 2021, defendant filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2020)), arguing the State presented perjured witness testimony and his trial counsel was ineffective. The trial court denied defendant's petition. In July 2021, defendant filed another petition for relief from judgment. However, the record in this appeal does not show any proceedings or resolution regarding this second petition.

¶ 16 In August 2022, defendant filed a *pro se* postconviction petition. Defendant argued (1) Strebing provided perjured testimony, (2) various claims of ineffective assistance of trial counsel, and (3) new evidence that was not presented at trial. Relevant to this appeal, defendant argued trial counsel failed to challenge the field sobriety testing defendant performed because it was not administered in accordance with NHTSA requirements. The trial court dismissed defendant's petition as frivolous and patently without merit.

¶ 17 This appeal followed.

¶ 18                                    II. ANALYSIS

¶ 19          On appeal, defendant argues the trial court erred by summarily dismissing his

*pro se* petition where he raised an arguable claim his trial counsel was ineffective. Specifically,

defendant contends counsel failed to investigate and challenge whether his field sobriety tests

were administered according to NHTSA protocols.

¶ 20                          A. Post-Conviction Hearing Act

¶ 21          The Post-Conviction Hearing Act (Act) (725 ILCS 5/122 *et seq.*) (West 2022))

provides a defendant with a collateral means to challenge his conviction or sentence for

violations of federal or state constitutional rights. *People v. Jones*, 211 Ill. 2d 140, 143 (2004).

The adjudication of a postconviction petition follows a three-stage process. *Id.* at 144. During the

first stage, the trial court must, independently and without considering any argument by the

State, decide whether the defendant's petition is "frivolous or is patently without merit." 725

ILCS 5/122-2.1(a)(2) (West 2022). To survive dismissal at the first stage, the postconviction

petition "need only present the gist of a constitutional claim," which is a "low threshold" that

requires the petition to contain only a limited amount of detail. *People v. Gaultney*, 174 Ill. 2d

410, 418 (1996). Legal argument or citation to legal authority is not required. *People v. Brown*,

236 Ill. 2d 175, 184 (2010). The Act requires the petition to "have attached thereto affidavits,

records, or other evidence supporting its allegations or shall state why the same are not

attached." 725 ILCS 5/122-2 (West 2022). In analyzing the petition, courts are to take the

allegations of the petition as true as well as liberally construe them. *Brown*, 236 Ill. 2d at 184.

¶ 22          The trial court may dismiss a *pro se* postconviction petition "as frivolous or

patently without merit only if the petition has no arguable basis either in law or in fact." *People*

*v. Hodges*, 234 Ill. 2d 1, 11-12 (2009). A petition lacks an arguable legal basis when it is based

on an indisputably meritless legal theory, such as one the record completely contradicts. *Id.* at 16. A petition lacks an arguable factual basis when it is based on a fanciful factual allegation, such as one that is clearly baseless, fantastic, or delusional. *Id.* at 16-17. We review the trial court's dismissal of a postconviction petition without an evidentiary hearing *de novo. People v. Simms*, 192 Ill. 2d 348, 360 (2000).

¶ 23        An ineffective assistance of counsel claim is evaluated under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Hodges*, 234 Ill. 2d at 17. *Strickland* requires a defendant to show trial counsel's performance was both deficient and counsel's deficient performance prejudiced the defendant. *Id.* "At the first stage of postconviction proceedings under the Act, a petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Id.*

¶ 24                              B. Forfeiture

¶ 25        The State argues defendant has forfeited his ineffective assistance claim because it could have been raised on direct appeal but was not. Defendant argues his claim could not have been raised on direct appeal because the NHTSA manual was not part of the original record on appeal.

¶ 26        Indeed, the purpose of the Act is to "permit inquiry into constitutional issues *** that were not, and could not have been, adjudicated previously on direct appeal." *People v. English*, 2013 IL 112890, ¶ 22. Any "issues that could have been raised on direct appeal, but were not, are forfeited." *Id.*

¶ 27        At trial, the parties merely referenced the NHTSA protocols. As defendant correctly argues, the record on direct appeal did not contain the NHTSA manual. Because the

NHTSA manual was not part of the record on direct appeal and is central to defendant's

arguments in this appeal, we do not find defendant has forfeited this argument. See *id.* (holding

the forfeiture doctrine may be relaxed in proceedings under the Act where facts relating to the

issue do not appear in the original appellate record); see also *People v. Harris*, 2018 IL 121932,

¶ 48 (noting the Act is available to resolve constitutional issues dependent upon facts not found

in the record).

¶ 28                                  C. Section 122-2 Compliance

¶ 29           The State argues we should affirm the trial court because defendant did not attach

to his petition the NHTSA manual he relies upon to assert he received ineffective assistance of

counsel.

¶ 30           As stated, section 122-2 of the Act requires a postconviction petition to have

attached to it affidavits, records, or other evidence supporting its allegations or explain why such

attachments are absent. 725 ILCS 5/122-2 (West 2022). Section 122-2 is a "clear mandate" of

the Act. *People v. Collins*, 202 Ill. 2d 59, 66 (2002). Failure by a defendant to support his

allegations in a petition with affidavits, records, or other evidence and subsequently offer "no

explanation for the absence of such documentation" will "justif[y] the summary dismissal of [a]

defendant's petition." *Id.*

¶ 31           Defendant argues the State's contention ignores the underlying claim in his

petition that trial counsel was ineffective for failing to investigate whether the field sobriety tests

were administered according to NHTSA standards. In support of his position, defendant cites

*People v. Hall*, 217 Ill. 2d 324, 333 (2005), wherein our supreme court held:

> "Failure to attach independent corroborating documentation or explain its absence
>
> may, nonetheless, be excused where the petition contains facts sufficient to infer

that the only affidavit the defendant could have furnished, other than his own sworn statement, was that of his attorney."

¶ 32 We find *Hall* distinguishable. *Hall* involved the issue of whether the defendant's guilty plea was involuntary. *Id.* at 331. The defendant's petition attached a transcript of the guilty plea hearing, the charging instrument, and a detailed affidavit from the defendant alleging misrepresentations by his attorney. *Id.* at 332-33. The defendant's affidavit detailed his consultations with his attorney and referenced no one else. *Id.* at 333. The *Hall* court noted the defendant's failure to explain the absence of additional documentation was easily inferred because the only affidavit the defendant could have provided was that of his own attorney, whom he was claiming was ineffective. *Id.* at 333-34.

¶ 33 Here, defendant is not simply arguing his trial counsel was ineffective for failing to investigate compliance with NHTSA protocols. Defendant is explicitly arguing Strebing failed to administer field sobriety tests in compliance with NHTSA protocols, and therefore, his trial counsel was ineffective for both failing to investigate and challenge Strebing's compliance with NHTSA protocols. The NHTSA manual, which was not a part of the record on direct appeal, is critical to defendant's claims in this appeal. Therefore, unlike in *Hall*, defendant's arguments are not solely dependent on an affidavit from his trial counsel. Rather, defendant's arguments in his petition are dependent on the NHTSA protocols found within the NHTSA manual.

¶ 34 Defendant argues the threshold for postconviction petitions drafted by *pro se* defendants is low. Defendant cites *Hodges*, 234 Ill. 2d at 9, which states, "because most petitions are drafted at [the first] stage by defendants with little legal knowledge or training, this court views the threshold for survival as low." Thus, according to defendant, when he referenced

NHTSA protocols in his petition, he had supplied a sufficient factual basis to show the allegations in his petition are capable of objective or independent corroboration.

¶ 35        We disagree. *Hodges* explains the low threshold for survival under the Act "requires "only that a *pro se* defendant allege enough facts to make out a claim that is arguably constitutional for purposes of invoking the Act." *Id.* The *Hodges* court also explains the "gist" of a constitutional claim means "the section 122-2 pleading requirements are met, even if the petition lacks formal legal arguments or citations to legal authority." *Id.* Indeed, "the purpose of section 122-2 is to show a defendant's postconviction allegations are capable of objective or independent corroboration." *Hall*, 217 Ill. 2d at 333.

¶ 36        Central to defendant's claim on appeal is whether Strebing administered field sobriety tests in accordance with NHTSA protocols, but defendant does not attach the NHTSA manual or any relevant portion therefrom to his petition. Defendant argues throughout his *pro se* petition that Strebing administered the field sobriety testing incorrectly. Ordinarily, "[w]hether a field-sobriety test was performed correctly goes to the test's admissibility." *People v. Eagletail*, 2014 IL App (1st) 130252, ¶ 39. However, in defendant's *pro se* petition, he specifically argued the "[field sobriety] test results are not reliable because neither officer didn't [*sic*] administered the test accordance with NHTSA protocol and requirements." Defendant's petition was not challenging the admissibility of the field sobriety tests; rather, he was arguing the tests were unreliable because they were performed incorrectly. Defendant's argument, thus, attacks the weight of the evidence to be given by the trier of fact, which is a factual issue. *People v. Phillips*, 2015 IL App (1st) 131147, ¶ 24 (stating where a defendant does not challenge the admissibility of a field sobriety test, "but rather its probative value, [the defendant's] challenge goes to the weight accorded to this evidence, which is a factual determination reserved for the trier of fact").

Because defendant's argument goes to a factual issue, the failure to attach the NHTSA protocols as evidence central to defendant's claims cannot be explained away on appeal as a failure to make formal legal arguments or cite legal authority as stated in *Hodges*.

¶ 37　　　　Defendant argues that because the State does not dispute the existence of the NHTSA protocol and standards, defendant's allegations are capable of independent corroboration. Essentially, defendant argues the State has implicitly conceded the issue of the NHTSA manual not being attached to defendant's petition. However, whether the State were to implicitly or even explicitly concede the issue, a reviewing court is not bound by a party's concession. *People v. Horrel*, 235 Ill. 2d 235, 241 (2009).

¶ 38　　　　Defendant also contends this court may take judicial notice of the NHTSA manual, which is readily available on the Internet. However, the NHTSA manual and the protocols therein are evidentiary materials critical to defendant's claims, and the manual was not in the original record nor in the record in this appeal. "A reviewing court will not take judicial notice of critical evidentiary material that was not presented to and not considered by the fact finder during its deliberations." *People v. Barnham*, 337 Ill. App. 3d 1121, 1130 (2003) (citing *Vulcan Materials Co. v. Bee Construction*, 96 Ill. 2d 159 (1983)). "Judicial notice cannot be extended to permit the introduction of new factual evidence not presented to the trial court." *Id.*

¶ 39　　　　Finally, defendant argues dismissal of his petition for failing to attach the NHTSA manual would be contrary to our supreme court's decisions holding that postconviction petitions should be considered for their "substantive virtue" rather than for their procedural compliance. Defendant cites *People v. Boclair*, 202 Ill. 2d 102 (2002), and *People v. Hommerson*, 2014 IL 115638, in support of his contention.

¶ 40    In *Boclair*, the supreme court held the timely filing of a postconviction petition was not inherent to the right to file a petition. *Boclair*, 202 Ill. 2d at 101. Rather, the court stated the State may raise the failure to file a timely petition under the Act as an affirmative defense at the second stage of proceedings. *Id.* at 101-02. Thus, the trial court cannot *sua sponte* summarily dismiss a petition at the first stage as untimely. *Hommerson*, relying on *Boclair*, stated that, much like timeliness, the absence of a verification affidavit should not be considered by the trial court at the first stage of proceedings under the Act. *Hommerson*, 2014 IL 115638, ¶¶ 10-11.

¶ 41    Both *Boclair* and *Hommerson* dealt with first-stage dismissals of petitions pursuant to procedural requirements set forth in section 122-1 of the Act (see 725 ILCS 5/122-1 (West 2022)). At issue here is the substantive contents of the petition as set forth in section 122-2. We find *Collins* instructive.

¶ 42    In *Collins*, the defendant failed to file a motion to withdraw his guilty plea, which precluded his ability to seek a direct appeal. *Collins*, 202 Ill. 2d at 62. The defendant filed a *pro se* postconviction petition alleging he wanted to file an appeal and that his counsel said he would file an appeal. *Id.* The defendant only attached a sworn verification to his petition. *Id.* The trial court summarily dismissed the defendant's petition as frivolous and patently without merit. *Id.*

¶ 43    On appeal, the appellate court reversed the trial court, finding the defendant's petition stated the gist of a constitutional claim. *Id.* at 64. The appellate court found the absence of supporting affidavits was justified and it would have been unfair to require the defendant to seek independent corroborating evidence from his counsel given the allegations included ineffective assistance of counsel. *Id.* The supreme court reversed the appellate court and affirmed the trial court. *Id.* at 69. The court noted that in *People v. Washington*, 38 Ill. 2d 446 (1967), the

defendant's petition contained an explanation for why the defendant could not obtain the requisite affidavits, records, or other evidence, thereby satisfying compliance with section 122-2. *Collins*, 202 Ill. 2d at 67-68. The *Collins* court also noted that in *People v. Williams*, 47 Ill. 2d 1 (1970), the defendant did not explain why affidavits, records, or other evidence were not attached to his petition, but it was "easily inferred" from the facts of the petition the only affidavit available would have been that of his counsel, whom the defendant alleged was ineffective. *Collins*, 202 Ill. 2d at 68.

¶ 44    The *Collins* court explained:

"We recognize, of course, that requiring the attachment of 'affidavits, records, or other evidence' will, in some cases, place an unreasonable burden upon post-conviction petitioners. Indeed, *Washington* and *Williams* are two such cases. This does not mean, however, that the petitioners in such cases are relieved of bearing any burden whatsoever. On the contrary, section 122-2 makes clear that the petitioner who is unable to obtain the necessary 'affidavits, records, or other evidence' must at least explain why such evidence is unobtainable. In this case, [the] defendant is asking to be excused not only from section 122-2's *evidentiary* requirements but also from section 122-2's *pleading* requirements. Nothing in the Act authorizes such a comprehensive departure." (Emphases in original.) *Id.*

¶ 45    It is unarguable that the merits of defendant's ineffective assistance claim rest on defendant's assertion that counsel should have introduced NHTSA manual protocols. However, defendant's *pro se* petition did not attach the NHTSA manual or any relevant portion upon which he relied. Furthermore, defendant's petition does not explain why the NHTSA manual or any

relevant portion of it was not attached. *Collins* instructs that where a defendant has failed to comply with section 122-2's pleading and evidentiary requirements, the trial court's summary dismissal is justified. *Collins*, 202 Ill. 2d at 66.

¶ 46    However, our supreme has also stated it is not the intent of the Act that claims based on matters outside of the record be adjudicated on the pleadings. *People v. Coleman*, 183 Ill. 2d 366, 382 (1998). The function of pleadings under the Act is to evaluate whether a defendant is entitled to a hearing. *Id.* "[T]he dismissal of a post-conviction petition is warranted only when the petition's allegations of fact—liberally construed in favor of the petitioner and in light of the original trial record—fail to make a substantial showing of imprisonment in violation of the state or federal constitution." *Id.*

¶ 47    The very purpose of section 122-2 is to show that a defendant's allegations are capable of objective or independent corroboration. *Hall*, 217 Ill. 2d at 333; *Collins*, 202 Ill. 2d at 67. The statute explicitly requires a defendant's petition to "have attached thereto affidavits, records, or other evidence supporting its allegations." 725 ILCS 5/122-2 (West 2022).

¶ 48    We again find *Collins* instructive, There, our supreme court addressed the meaning of "affidavits, records, or other evidence" and the notion of independent corroboration within the meaning of section 122-2 in stating no statute should be construed to render any term therein superfluous or meaningless. *Collins*, 202 Ill. 2d at 67 (citing *People v. Maggette*, 195 Ill. 2d 336, 350 (2001)). If we accept defendant's singular, conclusory mention of the NHTSA manual in his affidavit as sufficiently compliant with section 122-2's pleading requirements, we render the terms "other evidence" meaningless surplusage. Additionally, "common sense dictates that a defendant's own affidavit is not at all objective or independent." *People v. Teran*, 376 Ill. App. 3d 1, 4 (2007). Likewise, if we excuse defendant's failure to attach his relied upon

NHTSA materials on the basis that it is not the intent of the Act to adjudicate his petition on the pleadings when it is based upon matters extrinsic to the record, we would again render the Act's "other evidence" terms meaningless and superfluous. Therefore, we cannot excuse defendant's failure to comply with section 122-2 because nothing in the Act authorizes us to do so. *Hodges*, 234 Ill. 2d at 9 (stating the pleading requirements of 122-2 must be met to state the gist of a constitutional claim.); *Collins*, 202 Ill. 2d at 66 (failure to comply with section 122-2 of the Act justifies summary dismissal of a postconviction petition); *People v. Harris*, 2019 IL App (4th) 170261, ¶ 20 ("Because defendant failed to attach the necessary supporting material or provide a reasonable explanation for its absence, we find summary dismissal of defendant's postconviction petition was proper."). While the trial court here dismissed defendant's petition for other reasons, we review the court's judgment rather than its reasoning, and we may affirm on any basis supported by the record if the judgment is correct. *People v. Munz*, 2021 IL App (2d) 180873, ¶ 27. Therefore, we affirm the court's judgment.

¶ 49                                    III. CONCLUSION

¶ 50          For the reasons stated, we affirm the trial court's judgment.

¶ 51          Affirmed.