NOTICE
Decision filed 05/20/14, corrected 5/29/14. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2014 IL App (5th) 130091

NO. 5-13-0091

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| GUAVA LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 12-MR-417 |
| | ) | |
| COMCAST CABLE COMMUNICATIONS, LLC, | ) | |
| | ) | |
| Respondent | ) | |
| | ) | |
| (John Doe 68.58.68.84, John Doe 71.229.73.180, | ) | |
| John Doe 67.162.81.65, John Doe 75.150.227.205, | ) | |
| John Doe 98.213.192.42, John Doe 76.29.35.172, | ) | |
| John Doe 98.214.217.213, John Doe 67.167.13.99, | ) | |
| John Doe 67.173.94.229, John Doe 98.213.182.122, | ) | |
| John Doe 67.174.24.44, John Doe 24.15.225.33, | ) | |
| John Doe 71.194.189.101, John Doe 71.57.3.17, | ) | |
| John Doe 98.213.129.83, John Doe 98.213.177.66, | ) | |
| John Doe 67.173.71.42, John Doe 68.57.233.25, | ) | Honorable |
| John Doe 67.162.51.34, and John Doe 67.167.112.22, | ) | Andrew J. Gleeson, |
| Movants-Appellants). | ) | Judge, presiding. |

_____

JUSTICE SPOMER delivered the judgment of the court, with opinion.
Presiding Justice Welch and Justice Chapman concurred in the judgment and opinion.

**OPINION**

¶ 1     The movants, 20 "John Does" (the Doe appellants) who are identified by an

Internet Protocol address (IP address), appeal the February 21, 2013, order of the circuit court of St. Clair County, which: (1) granted the motion of the petitioner, Guava LLC (Guava), to strike the Doe appellants' petition for rule to show cause and notice requiring the attendance of certain representatives of Guava at a hearing on the petition pursuant to Illinois Supreme Court Rule 237(b) (eff. July 1, 2005); and (2) denied the Doe appellants' objection to the disclosure of their personal information by the respondent, Comcast Cable Communications, LLC (Comcast), as required by the circuit court in its December 12, 2012, order granting Guava's petition for discovery before suit to identify responsible persons (petition for discovery before suit) pursuant to Illinois Supreme Court Rule 224 (eff. May 30, 2008). In addition, the Doe appellants appeal the February 22, 2013, order of the circuit court of St. Clair County, which gave Comcast seven days to disclose the Doe appellants' personal information to Guava.

¶ 2    The Doe appellants make the following arguments for reversal of the circuit court's orders: (1) that the circuit court lacked both subject matter and personal jurisdiction over the claims and parties, (2) that Guava's petition for discovery before suit failed to state facts that would entitle it to discovery of the Doe appellants' identities pursuant to Rule 224, and (3) that the Doe appellants' petition for a rule to show cause should have proceeded to an evidentiary hearing requiring the presence of the representatives of Guava listed in the Doe appellants' Rule 237(b) notice.

¶ 3    Guava did not file a timely appellee's brief with this court, and on January 10, 2014, this court denied Guava's motion to file its brief *instanter*. On February 18, 2014, the Doe appellants filed a motion for attorney fees in this court, arguing that this court

should award attorney fees to the Doe appellants based on Guava's vexatious, frivolous, and dilatory conduct in this case, pursuant to Illinois Supreme Court Rules 137 (eff. Jan. 4, 2013), 375 (eff. Feb. 1, 1994), and 366(a)(3) to (5) (eff. Feb. 1, 1994).  This court entered an order taking the motion for attorney fees with the case.  On April 3, 2014, Guava filed a motion to strike the Doe appellants' motion for attorney fees and to dismiss the appeal, stating that it never received the motion for attorney fees.  In response, the Doe appellants filed signed certified mail return receipts indicating Guava counsel's did receive the motion.  We hereby deny Guava's motion to strike and to dismiss the appeal.

¶ 4     After considering the Doe appellants' appeal and motion for attorney fees on their merits, pursuant to the guidance of the Illinois Supreme Court in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-32 (1976), we reverse the orders of the circuit court and remand with directions that the circuit court dismiss Guava's petition for discovery before suit, proceed to an evidentiary hearing on the Doe appellants' petition for a rule to show cause, and compel the attendance of the persons named in the Doe appellants' Rule 237 notice to appear.  Because we find that the circuit court is the proper arbiter of the Doe appellants' allegations of frivolous pleading, fraud, identity theft, and extortion, we deny the Doe appellants' motion for attorney fees pursuant to Illinois Supreme Court Rules 137, 375, and 366(a)(3) to (5).  However, we note that because the Doe appellants are the prevailing party in this appeal, they may petition for their costs on appeal pursuant to Illinois Supreme Court Rule 374 (eff. Feb. 1, 1994).  In addition, attorney fees on appeal can be sought in the circuit court after the hearing on the petition for a rule to show cause.

3

¶ 5                                          FACTS

¶ 6                          1.  The Petition for Discovery Before Suit

¶ 7     On November 20, 2012, Guava filed a petition for discovery before suit pursuant to Illinois Supreme Court Rule 224 (eff. May 30, 2008), naming Comcast as a respondent.  According to the petition for discovery before suit, Guava is "a limited liability company that operates protected computer systems, including computer systems accessible in St. Clair County," and these computer systems distribute third-party adult entertainment content and generate revenue by requiring third parties to pay a fee for accessing their distribution systems.  Members are assigned a username and password in order to access the distribution system.  The petition for discovery before suit alleged that Comcast is an Internet Service Provider (ISP) that provides Internet services to certain subscribers (the Does), whom the petition seeks to identify "so that [Guava] may file an action for computer fraud and abuse and computer tampering against them."  With regard to venue, the petition for discovery before suit alleged that venue is proper "because at least one of the Doe [d]efendants resides in St. Clair County" and because "Comcast transacts business in St. Clair County."

¶ 8     Attached to the petition for discovery before suit as "Exhibit A" is a list of approximately 300 IP addresses, which the petition defines as "a unique number that is assigned to Internet users by an ISP at a given date and time."  According to the petition for discovery before suit, these IP addresses were identified by Guava via computer security software to be associated with individuals who used stolen usernames and passwords to gain unauthorized access to Guava's protected computer systems.  Once the

4

IP addresses were ascertained, Guava used a publicly available reverse-lookup database on the Internet to determine that Comcast was the ISP that issued the 300 IP addresses set forth in "Exhibit A." The petition for discovery before suit requested an order requiring Comcast to disclose personal identifying information of all of the Comcast subscribers associated with these 300 IP addresses. In the petition, Guava states that the alleged facts support a claim against the Does under the federal Computer Fraud and Abuse Act (18 U.S.C. § 1030(g) (2012)), as well as a claim under section 16D-3(c) of the Illinois Computer Crime Prevention Law (720 ILCS 5/16D-3(c) (West 2010) (now 720 ILCS 5/17-51(c) (West 2012))).

¶ 9                                          2. The Verification

¶ 10    Guava attached a verification to the petition for discovery before suit, pursuant to section 1-109 of the Illinois Code of Civil Procedure (735 ILCS 5/1-109 (West 2012)). The signature line of the verification stated that the verification was signed by an "Alan Mony-Declarant." The notary stamp stated that the verification was subscribed and sworn to on November 20, 2012, the date the petition was filed, before Joshua James Marschall, a notary public in the state of Minnesota whose commission was to expire on January 31, 2013. There were no markings on the verification to indicate it had been faxed, and the font was different than that of the petition. The relationship of "Alan Mony-Declarant" to Guava was not stated in the petition or in the verification.

¶ 11                                   3. Comcast's Motion to Dismiss

¶ 12    On December 10, 2012, Comcast filed a motion to dismiss, stating that Guava sought to discover the identities of persons who did not reside in St. Clair County.

5

Accordingly, Comcast argued that the circuit court would not have personal jurisdiction over the individuals, nor would the circuit court be a proper venue for an action against them. In support of its argument, Comcast attached a printout showing the customer cities and counties for the IP addresses listed in the petition for discovery before suit. The printout shows that the IP addresses were associated with counties such as Will, Cook, Du Page, Winnebago, McHenry, Lake, Sangamon, Macon, McLean, and De Kalb. Comcast further argued that even if one or more of the individuals could be connected to St. Clair County, joinder in one suit in St. Clair County would be impermissible under Illinois law, such that discovery of all of them in one petition for discovery before suit would be improper. However, Comcast did not argue that it was not a resident of St. Clair County or that it does not transact business there.

¶ 13 The motion to dismiss also noted that Guava did not plead that it is incorporated in Illinois, does any business in Illinois, or is a registered foreign corporation entitled to bring claims and lawsuits in Illinois courts. Accordingly, Comcast argued that Guava did not have standing to bring this action for discovery before suit. In addition to its objections to Guava's standing to sue in Illinois, personal jurisdiction, and venue, Comcast argued that the petition for discovery should be dismissed because the petition fails to state causes of action that could be brought against any defendant Guava seeks to identify.

¶ 14 Comcast's motion to dismiss outlined Guava and its counsel's history of filing similar lawsuits throughout the country, seeking the issuance of subpoenas to ISPs requesting that they identify subscribers or customers to whom certain IP addresses were

6

assigned at the time of the alleged hacking activity. Comcast quoted a judge from the federal court for the Central District of California, who explained, in an unpublished order, the litigation tactics that have been used in such suits take the form of actions for copyright infringement in the federal courts. *MCGIP, LLC v. Does 1-149*, 2011 WL 4352110 (N.D. Cal. Sept. 16, 2011).[1] According to the California court, in these cases, a plaintiff sues anywhere from a few to thousands of Doe defendants for copyright

---

[1]The Honorable Otis D. Wright II, a judge for the federal district court for the Central District of California, in an order issuing sanctions against, *inter alia*, Paul Duffy, Guava's counsel in this case, characterized the attorney for *MCGIP, LLC*, Brett Gibbs, as a "redshirt" being controlled by several attorneys, including Duffy. *Ingenuity 13 LLC v. Doe*, 2013 WL 1898633, at *1 (C.D. Cal. May 6, 2013). Although this order issuing sanctions is not contained in the record on appeal, because it was entered after the notice of appeal was filed, this court, in an order dated July 23, 2013, took judicial notice of the contents of the order pursuant to *Vulcan Materials Co. v. Bee Construction Co.*, 96 Ill. 2d 159, 166 (1983). However, it is important to note that, for the purposes of this opinion, this court takes judicial notice of the contents of the motion for sanctions and any other unpublished orders of other courts, not as proof of the findings of fact contained therein, but only as proof of the fact that such an order exists to provide context for the allegations made in the petition for rule to show cause and the circuit court's order denying same. See *id.* (a court may not take judicial notice of facts contained in pleadings in a case not involving the same parties).

7

infringement in one action and seeks leave to take early discovery. *Id.* at \*4 n.5. Once the plaintiff obtains the identities of the IP subscribers through early discovery, it serves the subscribers with a settlement demand. *Id.* The subscribers, often embarrassed about the prospect of being named in a suit involving pornographic movies, settle. *Id.* Comcast argued that Guava did not intend to institute an action against the Does, and thus, instituted this action for an improper purpose.

¶ 15                    4. The Circuit Court's Initial Order

¶ 16  On December 12, 2012, the circuit court entered an order denying Comcast's motion to dismiss and granting Guava's petition for discovery before suit. The order did not address Comcast's arguments regarding personal jurisdiction, venue, standing, or the insufficiency of the causes of actions that Guava claimed to have against the Does. The order required Comcast to provide all of the Does with copies of the petition and order by December 26, 2012. Any Doe seeking to file an objection or a motion to quash, dismiss, or sever was required by the order to do so by filing such a pleading with the clerk of the circuit court by January 25, 2013. Except as to those subscribers who filed such a pleading by that date, Comcast was ordered to provide Guava, by January 30, 2013, with the name, address, phone number, email address, and Media Access Control (MAC)[2]

---

[2]A MAC address is a hardware identification number that uniquely identifies each device on a network and is manufactured into every network card, such as an Ethernet card or Wi-Fi card, and therefore cannot be changed. *MAC Address*, TechTerms.com, http://www.techterms.com/definition/macaddress (last visited Mar. 5, 2014).

address for each of the Does to whom Comcast assigned an IP address as set forth in Exhibit A of the petition. Comcast was ordered to withhold the identifying information for any objecting Doe, pending resolution by the circuit court of the objections. All objections were set for hearing on February 13, 2013.

¶ 17      5. The Doe Objections and Petition for Rule to Show Cause

¶ 18 Forty-five Does filed objections to the circuit court's order that their personal information be disclosed to Guava. On January 14, 2013, one of the Does, identified by IP address number 68.58.68.84, filed a "Petition For Rule to Show Cause Why Petitioner Guava, LLC a/k/a Lightspeed Media, Its Officers and Directors, Declarant Alan Moay, Steve Jones, Paul A. Duffy and/or Kevin T. Hoerner Should Not Be Held in Contempt of Court And For Other Sanctions" (petition for rule to show cause).[3] According to the petition for rule to show cause, Guava is, upon information and belief and according to the Government of St. Christopher (Kitts) and Nevis as well as Lightspeed's own prior lawsuits, a wholly or partially owned subsidiary of Lightspeed Media Corporation (Lightspeed) seeking to enforce rights as to what Lightspeed purports is copyrighted adult material. Lightspeed is an Arizona-based corporation organized under the laws of the State of Arizona.

---

[3]We note that the petition for rule to show cause and all of its attachments refer to the name on the signature line of the verification attached to Guava's petition for early discovery as "Alan Moay." As stated above, the name on the signature line of the verification attached to Guava's petition originally filed in the record is "Alan Mony."

9

¶ 19   The petition for rule to show cause alleged that Guava's counsel, Paul Duffy, was previously associated with Prenda Law, LLC, a Chicago-based law firm which has filed hundreds of copyright infringement lawsuits across the country alleging that ISP subscribers illegally downloaded pornography, including a federal case interlinked with a fraudulent affidavit issue concerning an "Alan Cooper."[4]   The petition for rule to show cause alleged that the verification attached to Guava's petition for discovery before suit contained a false notarization that lacked the notary's printed name, notary stamp, jurisdiction, and commission number, and that an exhaustive set of skiptrace and other reports confirmed that "Alan Moay" was a bogus name.[5]   The petition for rule to show

---

[4]Judge Otis Wright, in his order issuing sanctions in *Ingenuity 13 LLC*, found that Paul Duffy, along with other attorneys associated with the former Prenda Law, stole the identity of Alan Cooper, a groundskeeper for one of the attorneys, and fraudulently signed his name to a copyright assignment, holding him out to be an officer of AF Holdings, when he had no such affiliation. *Ingenuity 13 LLC v. Doe*, 2013 WL 1898633 (C.D. Cal. May 6, 2013).   Judge Wright found that Duffy conspired with the other attorneys to form AF Holdings and Ingenuity 13, along with other entities, for the sole purpose of litigating copyright-infringement lawsuits and that these entities, created off-shore, have no assets other than several copyrights to pornographic movies, and that there are no owners and officers, making Duffy and the other attorneys *de facto* owners and officers. *Id.*

[5]As outlined earlier in this opinion, the verification page attached to Guava's

10

cause pointed out additional irregularities in the verification, which this court has noted above, including the difference in the font and the fact that there were no facsimile time stamps on the verification, despite the fact that it was dated on the day of filing.

¶ 20    In addition to the irregularities in the verification, the petition for rule to show cause alleged that Guava's filing of the petition for discovery before suit was frivolous because Guava had admitted in federal court that identifying a subscriber associated with an IP address does not necessarily identify an alleged "hacker."  Finally, the petition for rule to show cause accused Guava of extorting the information received pursuant to the circuit court's order by sending settlement demand letters to such subscribers before ascertaining their actual involvement with the alleged hacking activity.  The petition for

---

petition for discovery before suit does contain the notarization statement, the notary's printed name, stamp, jurisdiction, and commission number, and the signature line reads "Alan Mony" and not "Alan Moay."  From the copy John Doe 68.58.68.84 appended to its petition for rule to show cause, which was provided by Comcast pursuant to the circuit court's December 12, 2012, order, it does appear that these elements of the notarization are missing and that the signature line reads "Alan Moay," which could be due to loss of clarity from Comcast's copying of the orders and distributing them to the Does.  In any event, due to the discrepancy, the skiptrace and other reports appended to the petition for rule to show cause resulted from a search for a person named "Alan Moay," and not "Alan Mony," so have no relevance to the issue of whether the person who purportedly signed the verification actually exists.

11

rule to show cause requested that the circuit court find officers of Lightspeed and/or Guava, as well as "Alan Moay" or the declarant referred to in the verification, Paul Duffy, and Kevin Hoerner to be found in criminal contempt of court as well as civil contempt, award attorney fees and costs, notify the Office of the Attorney General and/or U.S. Attorney's Office, refer Paul Duffy and Kevin Hoerner to the Illinois Attorney Registration and Disciplinary Commission, dismiss the petition for discovery before suit, and impose whatever sanctions and other relief as the circuit court deems just.

¶ 21    The petition for rule to show cause was supported by several exhibits.  We set forth the content of these exhibits at some length in order to provide context for the allegations that are made in the petition for rule to show cause.  The exhibits included pleadings in a federal court case from the Central District of California, captioned Ingenuity 13 LLC v. Doe, No. 2:12-cv-08333-DMG-PJW.  From the pleadings, it appears that the John Doe in that case filed through counsel, Morgan Pietz,[6] an *ex parte* application for leave to take early discovery and to stay the return date on an outstanding ISP subpoena seeking the John Doe's identity.  The *ex parte* application sought to propound a series of special interrogatories and document requests to Ingenuity 13 LLC and its counsel, Prenda Law.  The interrogatories and document requests sought to identify "Alan Cooper," a person they claimed to be the true principal of Ingenuity 13 LLC, to confirm that such a person actually existed and had an actual relationship with Ingenuity 13 LLC.  According to the *ex parte* application, there was reason to believe that

---

[6]Morgan Pietz is also counsel in this case for one of the Doe appellants.

12

Prenda Law had misappropriated Alan Cooper's identity without his knowledge and consent, holding him out in federal filings to be the principal of Ingenuity 13 LLC, which the application alleged was a shell entity organized in St. Kitts and Nevis. In addition, the application stated that circumstances seemed to suggest that the plaintiff's lawyers were the real but undisclosed parties in interest.[7]

¶ 22　On January 25, 2013, an objection to the order requiring Comcast to disclose the Does' identities was filed by two of the Doe appellants, by and through their counsel, Morgan Pietz, an attorney from California. One of the objections to the petition for early discovery contained in that motion to quash is that the petition for early discovery fails to plead specific facts showing jurisdiction and venue are proper in St. Clair County. The motion to quash pointed out that the petition for early discovery alleges that at least one of the Does lives in St. Clair County. Although Exhibit A to the petition for early discovery lists over 300 IP addresses allegedly associated with hacking activity, it does not identify geographic locations associated with these IP addresses or identify which, if any, of these IP addresses have actually been geo-located to St. Clair County. The motion to quash alleged that geo-location of an IP address to a particular geographic area, generally a given town, is easily accomplished using publicly available websites. The

_____

[7]As previously mentioned, in a later order, the district court found the allegations to be true and ordered sanctions against all of the attorneys it found to have been involved, including Paul Duffy, Guava's counsel in this case. *Ingenuity 13 LLC v. Doe*, 2013 WL 1898633 (C.D. Cal. May 6, 2013).

13

motion to quash alleged that Prenda Law routinely used these tools in other lawsuits, and indeed, must have used the tool here for this case in order to group together IP addresses from Illinois. As explained above with regard to Comcast's motion to dismiss, none of the IP addresses were associated with St. Clair County.

¶ 23 The affidavit of Morgan Pietz was also filed on January 25, 2013. According to the affidavit, Mr. Pietz is an attorney licensed in California who represents ISP subscribers who have been targeted by Ingenuity 13 LLC, through its counsel Prenda Law, formerly known as Steele Hansmeier, in copyright infringement cases that Ingenuity 13 filed in both the Central District of California and the Northern District of California. Mr. Pietz averred that he also represents other clients in other cases brought by Prenda Law on behalf of other entities, sometimes along with local counsel, in other courts. This includes cases brought by Prenda on behalf of Lightspeed Media Corporation and Guava.

¶ 24 Mr. Pietz's affidavit outlines the history of Prenda Law, which he avers was headed by Paul Duffy, Guava's counsel in this case. Mr. Pietz's affidavit details his knowledge of Prenda Law's use of "a stream of unrelenting, debt collector style harassment designed to pressure ISP subscribers to quickly settle their cases" where courts have allowed Prenda to utilize the subpoena power to obtain subscriber information from ISPs. According to Mr. Pietz's affidavit, Prenda has used settlement demand letters and machine-dialed phone calls made by people who "are similar to professional telemarketers or debt collectors, who often work from specific guidelines, and are possibly paid on commission," to induce ISP subscribers to settle.

14

¶ 25   Mr. Pietz's affidavit also directs the circuit court's attention to *AF Holdings LLC v. Doe*, 2013 WL 97755 (N.D. Cal. Jan. 7, 2013), in which Brett Gibbs, "of counsel" for Prenda Law, filed on behalf of AF Holdings a complaint against 135 Doe defendants, identified only by IP addresses, alleging that each of them had infringed AF Holdings' copyright by illegally downloading a pornographic video.   AF Holdings requested expedited discovery in order to discover the identity of the subscribers associated with the IP addresses, which was granted.  *Id.* at *1.  On January 19, 2012, noting that more than 150 days had expired since the order authorizing expedited discovery was entered, the court issued an order to show cause why the Doe defendants should not be dismissed based on AF Holdings' failure to effectuate service on any identified Doe.  *Id.*  On February 22, 2012, the court ordered AF Holdings to provide supplementary information. Attached to Mr. Pietz's affidavit is what Mr. Pietz purports to be a report that Brett Gibbs filed in response to the court's order, which discloses that over the 18 months prior, Prenda Law, formerly known as Steele Hansmeier, had filed 118 multiple-defendant cases, against 15,878 Doe defendants, but had served none of the John Does in any of the cases.

¶ 26   In his affidavit, Mr. Pietz also refers to instances where Brett Gibbs, in an attempt to request an extension of time to serve John Does in the federal cases, has explained to the federal courts that his failure to serve the John Does should be excused because he could not form the "reasonable basis" under federal rules necessary to support a factual allegation that an ISP subscriber is the actual person who downloaded the copyrighted material without some kind of further discovery beyond the mere fact that a person

15

happens to pay the Internet bill.

¶ 27    For example, in *Boy Racer, Inc. v. Does 1-52*, 2011 WL 7402999 (N.D. Cal. Sept. 13, 2011), which is referenced in Mr. Pietz's affidavit, the court ordered the plaintiff, who was represented by Brett Gibbs as "of counsel" for Prenda Law, to show cause why the court should not dismiss its claims for lack of service.  In that case, counsel told the court, in applying for an order allowing early discovery of the names and addresses of the ISP subscribers associated with specific IP addresses, that " '[t]he only way that Plaintiff can determine Defendant[s'] actual names is from the ISPs to which Defendants subscribe and from which Defendants obtain Internet access,' " and that " '[t]hrough the information they gather from the ISPs via these subpoenas, *the plaintiffs are able to fully identify–i.e.* retrieve name, address, telephone number, e-mail address, and [MAC] information–*each \*\*\* network user suspected of violating the plaintiff's copyright*.' "   (Emphasis in original.)  *Id.* at \*1.  However, the plaintiff later admitted that, its previous representation notwithstanding, the subpoenas were not sufficient to fully identify the network user suspected of violating the plaintiff's copyright, but rather, the plaintiff would require nothing less than an inspection of the subscriber's electronically stored information and tangible things, including each of the subscriber's computers and the computers of those sharing his Internet network.  *Id.* at \*2.

¶ 28    The court concluded, from Brett Gibbs's admissions in response to the court's inquiry as to why no defendant had been served, that the identifying information of the ISP subscriber does not tell the plaintiff who illegally downloaded the plaintiff's works, and, therefore, who the plaintiff will name as the defendant in the case, but rather, that the

16

copyright infringer, and proper defendant, could be the subscriber, or another member of his household, or any number of other individuals who had direct access to the subscribers' network. *Id.* The court found that presumably, every desktop, laptop, smartphone, and tablet in the subscriber's residence, and perhaps any residence of any neighbor, houseguest, or other sharing his Internet access, would be fair game. *Id.* Finding that such an extensive, expensive, and highly intrusive "fishing expedition" was outside the purview of federal expedited discovery rules, which only allow for early discovery where the requested discovery would clearly uncover the identities sought, the court withdrew its order granting limited discovery, denied any pending or proposed requests for further discovery, and ordered the plaintiff to show cause why the court should not dismiss the action for failure to effectuate service on the defendants. *Id.* at *3.

¶ 29     Another notable attachment to Mr. Pietz's affidavit is the transcript of a motion hearing before the federal district court for the middle district of Florida in a case captioned Sunlust Pictures, LLC v. Nguyen, No. 8:12-CV-1685, dated November 27, 2011. In the transcript, local counsel for Prenda Law, Jonathon Torres, was questioned by the court under oath regarding Prenda Law's relationship with the plaintiff, Sunlust Pictures, LLC (Sunlust), and the identity of the corporate representative that appeared on behalf of Sunlust Pictures, Mark Lutz. Mr. Torres testified that he was contacted by Brett Gibbs and asked to act as local counsel, but that his understanding was that Prenda Law was representing Sunlust and that Paul Duffy is a principal of Prenda Law. The court indicated that this statement was contrary to a letter the court had received from Paul Duffy stating that he was not representing Sunlust.

17

¶ 30 In addition to the questions regarding Prenda Law and Paul Duffy's involvement in the *Sunlust* case, Mark Lutz testified that he is not an officer of Sunlust but was hired to appear in court and to represent himself as a corporate representative. He was not aware of the identity of the president, vice president, secretary, or any other corporate representative. He testified that he also serves in this capacity for Guava, the plaintiff in this case. The court granted local counsel's motion to withdraw and dismissed the case for the plaintiff's failure to appear at the hearing, failure to present a lawful agent, and attempted fraud on the court by offering up a person who had no authority to act on behalf of the corporation as a corporate representative. The court also indicated it would hear a motion for sanctions against Paul Duffy for his lack of candor in relation to his connection with the case.

¶ 31 On February 11, 2013, Paul Duffy and Kevin Hoerner filed, on behalf of Guava, a series of responses to the various objections of the Does and the petition for rule to show cause. One of the responses states: "[U]nknown individuals hacked into Petitioner's computer systems and gained unauthorized access to private and protected information. Petitioner does not know the true identities of these individuals, but has identified the individuals by the [IP] addresses ***." That response goes on to state, "In order to identify these unknown individuals and bring a lawsuit against them, Petitioner sought to identify them through a Petition for Discovery before suit ***." That response also makes the representation that "Movants will get a chance to raise their arguments once they are named defendants in a lawsuit." The response did not address the allegations made in the petition for rule to show cause.

18

¶ 32    Another response, signed by Kevin Hoerner, addressed John Doe 68.58.68.84's argument regarding the possibility that the verification on the petition for discovery before suit was a forgery by stating: "Alan Mony, not 'Moay' verified the Petition. Furthermore, [the verification] was notarized by a notary public.  If Movant seeks to challenge the Petition, (which as a nonparty he may not), he should focus on the actual person signing and the fact it was notarized."

¶ 33    Although not a Doe appellant, it is worth noting that one of the Does who filed an objection to the circuit court's order requiring Comcast to disclose the identity of the IP address subscribers was an "entity" Doe identified by IP address 50.77.161.249.  In its motion to quash the "entity" Doe alleged that it is a social service, nonprofit organization that assists individuals and families with their housing and financial needs.  It owns and maintains a number of computers that are utilized by its employees and provided for public and client use over a wireless network.  The entity Doe also pointed out that it is possible for hackers to "spoof" existing IP addresses, which will register a false IP address when a hacker accesses a website, causing their activities from a completely different location to appear to come from an innocent person's location.  Additionally, wireless routers, which allow persons to connect to a computer accessing the Internet from a remote device over the airwaves, and to access the Internet through the connection assigned with the IP address to that computer's connection, are commonplace.  Wireless routers may be accessed from across the street, down the block, and in some cases even further away, according to the motion to quash.

¶ 34    On February 4, 2013, John Doe 68.58.68.84 filed a notice to produce pursuant to

19

Illinois Supreme Court Rule 237 (eff. July 1, 2005), commanding Guava to produce the following persons for all hearings on contempt and sanctions: (1) Alan Moay[8]; (2) Paul Duffy; (3) Kevin Hoerner; (4) Steve Jones[9]; and (5) any and all officers, directors, managers, and other Guava and Lightspeed personnel responsible for filing the petition for discovery before suit.

¶ 35    On February 7, 2013, two Does, identified by IP addresses 67.162.51.34 and 71.57.3.17, filed a motion for a protective order alleging that because their objection to the circuit court's order contained a typographical error regarding their IP address, their information was disclosed to Guava.  The motion for a protective order stated that one of the Does had received a settlement demand letter from Guava as a result of the disclosure.

¶ 36    On February 12, 2013, John Steele of Prenda Law filed an entry of appearance on behalf of Guava.  The Doe movants and Guava appeared at a hearing on February 13, 2013.  Kevin Hoerner and John Steele appeared on behalf of Guava.  Morgan Pietz appeared on behalf of two of the Doe appellants.  Mr. Pietz presented a redacted copy of

---

[8]Again, this was a misspelling of the name on the signature line of the verification of the petition for discovery before suit, probably due to fading during copying and distribution by Comcast.  The signature line on the original verification contained in the record is "Alan Mony."

[9]Steve Jones is the registered agent for Lightspeed listed in the Arizona Secretary of State records.

a settlement demand letter that was received by a Doe whose information was disclosed by Comcast pursuant to the circuit court's initial order. The letter was dated January 30, 2013, and informs the Doe that his or her Internet account was observed distributing stolen files and that based on this information, Guava "will seek to hold you (or the person who used your Internet account) liable for this conduct." The letter further states, "[I]f we are forced to proceed against you individually for the acts we observed your subscriber account committing, the actual complaint naming you as a defendant could possibly include additional counts ***." After explaining the potentially high costs of litigation, the letter explains that Guava is willing to discuss resolution of the claims, but the amount that it would be willing to accept to resolve the matter would increase over time. The letter concludes with the following statement: "PLEASE BE ON NOTICE: Due to the serious nature of this matter, we are referring this matter to our attorneys for further prosecution against you in 21 days if we do not hear from you." Attached to the letter is a document entitled "Notice of Offer of Settlement." The document states that Guava believes that, "due to several factors, including our good faith offer to settle at this early stage of the case, we would be entitled to full damages," and that "[i]n exchange for a comprehensive release of all legal claims in this matter, which will enable you to avoid becoming a named defendant in a lawsuit, we will accept, $4,000." The Doe can send a check or money order payable to Guava or complete and fax a credit card payment authorization. Once Guava has processed the payment, Guava states that it will send a signed release as confirmation that the payment has been processed.

¶ 37    After some argument regarding whether the Doe movants were entitled to file a

notice to appear pursuant to Illinois Supreme Court Rule 237 (eff. July 1, 2005), to compel Guava's representatives and attorneys responsible for filing the petition for discovery before suit to attend a hearing on the petition for rule to show cause, the hearing was continued to February 21, 2013.

¶ 38   On February 15, 2013, a number of the Doe movants filed a consolidated reply in support of their objections to the circuit court's order requiring Comcast to disclose their identities.   In the consolidated reply, the Doe movants alleged that "Alan Mony," who Guava, in its response to the objections, stated had signed the verification of the petition for discovery before suit on its behalf, was also a bogus name, and that there is no record of such a person.   The Doe movants stated in their consolidated reply that the closest name found anywhere in the United States is an "Allan Mony."   The consolidated reply points out, however, that a man named "Allan Mooney" has previously been listed as the manager of MCGIP, LLC, "one of Prenda's earlier mysterious shell company plaintiffs (which Prenda's lawyers probably own)."   The consolidated reply further states that a man using the email address "amooney29@gmail.com" is apparently involved in the online adult entertainment business, per an "Adult Industry" news article where Allan Mooney was selling the domain name "orgasms.com."   Finally, the consolidated reply states that there is an "Allan Mooney" who is a current client of Alpha Law, a new law firm name being used by John Steele's former or current law partner, Paul Hansmeier. These allegations are supported by exhibits attached to the consolidated reply.

¶ 39                         6. February 21, 2013, Hearing

¶ 40   A hearing on all pending motions was held on February 21, 2013.   From the

22

bench, the circuit court ordered Guava's counsel, John Steele and Kevin Hoerner, to give the Doe movants the correct name and spelling of the person who signed the verification on the petition for discovery before suit. John Steele stated that he had prepared an affidavit that was notarized by a different notary and signed by "Alan Mooney," attesting to the fact that Alan Mooney signed the previous verification, which contained a typographical error on the signature line. This affidavit is more specific than the original verification, stating, "[M]y company is suffering severe financial loss due to the criminal activity outlined in the petition and I believe it is my responsibility as a principal of Guava, LLC to seek redress in the courts." This is the first statement in any of the pleadings purporting to identify a corporate officer of Guava.

¶ 41 From the bench, the circuit court stated that it did not believe the Doe movants were necessary parties to the litigation, and therefore they could not file a notice to appear pursuant to Illinois Supreme Court Rule 237 (eff. July 1, 2005). The circuit court limited the issues to be argued at the hearing to those directly related to the Does' objections to the disclosure of the information sought in the petition for discovery before suit pursuant to Illinois Supreme Court Rule 224 (eff. May 30, 2008), precluding the Doe movants from making arguments relating to jurisdiction, venue, standing, or their petition for rule to show cause.

¶ 42 With regard to the arguments on the merits of the petition for discovery before suit, that Guava had not stated a proper claim against the Does under either the federal Computer Fraud and Abuse Act (18 U.S.C. § 1030(g) (2012)) or section 16D-3(c) of the Illinois Computer Crime Prevention Law (720 ILCS 5/16D-3(c) (West 2010) (now 720

23

ILCS 5/17-51(c) (West 2012))), the circuit court expressed its belief that these arguments should be addressed if and when a suit is actually filed against one of the Does. The circuit court ruled that Guava had made a showing that the IP addresses and people who are responsible for them may be responsible for Guava's damages.

¶ 43                           7. The Circuit Court's Orders

¶ 44    The circuit court's order, entered that same day, states that Guava's "motion to strike Does' Rule 237 Notice, including all requests therein, is allowed, including the Petition for Rule." The order also stated: "All Doe objections to the disclosure of identifying information are overruled and denied. The identifying personal information shall be limited to cases involving Guava, LLC and shall be limited prospectively. The date for disclosure by Comcast will be set forth in a supplemental order of this Court." On February 22, 2013, the circuit court entered an order granting Comcast seven days from the date of the order to disclose the identifying information of the Doe movants.

¶ 45    On February 26, 2013, one of the Doe movants, identified by IP address 68.58.68.84, filed a motion for reconsideration. In addition, the Doe appellants filed a motion to stay the judgment pending a hearing on the motion for reconsideration and the outcome of an appeal. On March 1, 2013, the circuit court denied the motion for stay. The record does not contain a ruling on the motion for reconsideration.

¶ 46                           8. Proceedings on Appeal

¶ 47    On March 1, 2013, the Doe appellants filed a notice of appeal from the circuit court's orders of February 21 and 22, 2013. That same day, the Doe appellants filed an emergency motion to stay the judgment pending appeal, which this court granted. See Ill.

24

S. Ct. R. 305 (eff. July 1, 2004). The Doe appellants filed their opening brief on August 12, 2013, and Guava's brief was due September 16, 2013. No brief was filed, and on October 1, 2013, this court sent Guava, through their attorneys of record, Paul Duffy and Kevin Hoerner, a notice that the brief was overdue.

¶ 48 On October 8, 2013, Kevin Hoerner responded to this court's notice that Guava's brief was overdue by filing a motion for leave to withdraw as attorney of record for Guava, stating that he had not been retained by Guava to defend this appeal. The Doe appellants filed an objection to Kevin Hoerner's motion, arguing that Hoerner's conduct in filing a nonmeritorious lawsuit and filing false pleadings and documents was at issue in this appeal, and as such, he should only be permitted to withdraw as an attorney of record if he remains subject to the jurisdiction of this court and the circuit court for his conduct. This court granted Kevin Hoerner leave to withdraw as counsel of record for purposes of this appeal on November 1, 2013.

¶ 49 Paul Duffy filed a motion seeking an extension of time to file a brief on behalf of Guava on October 10, 2013, which this court granted. However, a brief was never filed. On December 5, 2013, this court sent another letter to Paul Duffy stating that this case would be decided on the basis of the record on appeal and the appellants' brief, which were filed with this court. On December 19, 2013, this court received a motion by Paul Duffy to file a brief on behalf of Guava *instanter*. In the motion, Paul Duffy claimed that he prepared a brief and mailed it on November 7, 2013, and that the brief must be "lost in the mail," despite the fact that no one had ever checked out the record on appeal on behalf of Guava. This court denied Guava's motion to file a brief *instanter* on January

25

10, 2014.

¶ 50    On February 18, 2014, the Doe appellants filed, in this court, a motion for attorney fees pursuant to Illinois Supreme Court Rules 137 (eff. Jan. 4, 2013), 375 (eff. Feb. 1, 1994), and 366(a)(3) to (5) (eff. Feb. 1, 1994). The basis for the motion for attorney fees is essentially the same as that set forth in the petition for rule to show cause that the Doe appellants filed in the circuit court. The Doe appellants argued that this court should make the award of attorney fees based on Guava's filing of the petition for discovery before suit, which contained what the Doe appellants assert are false allegations concerning the nature of IP addresses, the subscribers' alleged acts, and the existence of actual damages. The Doe appellants also assert that the falsified and forged verification also provides a basis for this court to award attorney fees. Guava did not file a response to the motion for attorney fees. On March 5, 2014, this court entered an order taking the Doe appellants' motion for attorney fees with the case. On April 3, 2014, Guava filed a motion to strike the Doe appellants' motion for attorney fees and a motion to dismiss the appeal.

¶ 51                              ANALYSIS

¶ 52    Although Guava did not file an appellee's brief in this case, this court may not reverse the judgment of the circuit court *pro forma*. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131 (1976). Instead, this court must examine the points raised by the appellant to see if a reversal is merited. *Id.* at 132. We may reverse the judgment of the circuit court if we find that the appellant's brief demonstrates *prima facie* reversible error and the contentions in the brief find support in

26

the record. *Id.* at 133. With these principles in mind, we consider the issues raised by the Doe appellants on appeal.

¶ 53                    1. The Rule 224 Petition for Discovery Before Suit

¶ 54    The first two issues raised on appeal concern the propriety of the order granting Guava's petition for discovery before suit. Ill. S. Ct. R. 224 (eff. May 30, 2008). First, the Doe appellants argue that the circuit court lacked subject matter and personal jurisdiction over the claims and parties. Second, the Doe appellants argue that Guava was not entitled to discovery before suit pursuant to Rule 224 because the petition did not allege a sufficient cause of action against the Does and did not seek to identify the Does for purposes of instituting an action against them. We will address each of these issues in turn.

¶ 55                          a. *Subject Matter Jurisdiction*

¶ 56    First, the Doe appellants argue that although Guava attempts to state a claim under the federal Computer Fraud and Abuse Act (18 U.S.C. § 1030(g) (2012)), as well as a claim under section 16D-3(c) of the Illinois Computer Crime Prevention Law (720 ILCS 5/16D-3(c) (West 2010) (now 720 ILCS 5/17-51(c) (West 2012))), it is really attempting to state a claim involving federal copyright law, over which the federal courts have exclusive jurisdiction. See 17 U.S.C. § 301(a) (2012). Because this issue presents a question of law, and the circuit court decided the issue solely on the basis of documents on file, our standard of review is *de novo*. *Ploense v. Electrolux Home Products, Inc.*, 377 Ill. App. 3d 1091, 1096 (2007).

¶ 57    Illinois circuit courts are courts of general jurisdiction having original jurisdiction

over all justiciable controversies, except (1) cases over which the federal courts have exclusive jurisdiction; (2) matters committed to administrative tribunals; and (3) those matters committed by the Illinois Constitution to the exclusive jurisdiction of the Illinois Supreme Court. See *Cohen v. McDonald's Corp.*, 347 Ill. App. 3d 627, 632-33 (2004). Guava filed its petition pursuant to Illinois Supreme Court Rule 224 (eff. May 30, 2008), which allows for discovery before suit of persons who may be responsible for damages. While, as explained in further detail below, the nature and propriety of the underlying causes of action that Guava is attempting to state against the Doe appellants is germane to whether the Rule 224 petition should have been granted, such a determination does not affect the circuit court's power to rule on the Rule 224 petition, which, in and of itself, does not fall into the exclusions to the original jurisdiction of the circuit courts of Illinois as outlined above. Accordingly, we find that the circuit court did have subject matter jurisdiction over Guava's Rule 224 petition for discovery before suit.

¶ 58                                  b. *Personal Jurisdiction*

¶ 59    The next argument that the Doe appellants make in their brief is that the circuit court lacked personal jurisdiction over Comcast and the Does. Again, our standard of review is *de novo*. *Ploense*, 377 Ill. App. 3d at 1096. Referencing the requirement in Illinois Supreme Court Rule 224 that "[t]he action for discovery shall be initiated by the filing of a verified petition in the circuit court of the county in which the action or proceeding might be brought or in which one or more of the persons or entities from whom discovery is sought resides" (Ill. S. Ct. R. 224(a)(1)(ii) (eff. May 30, 2008)), the Doe appellants argue that neither Comcast nor the Does reside in St. Clair County.

28

Although, for reasons detailed below, we find Guava's allegations as to the residence of the Does to be troubling and to merit further inquiry, we find that this provision of Rule 224 is a statutory venue provision, rather than a provision relating to personal jurisdiction. Jurisdiction and venue are distinct legal concepts, as jurisdiction relates to the power of a court to decide the merits of a case, while venue determines where the case is to be heard. *Baltimore & Ohio R.R. Co. v. Mosele*, 67 Ill. 2d 321, 328 (1977). Statutory venue requirements are procedural only and do not have any relation to the question of jurisdiction. *Id.* For these reasons, and because Comcast made no objection to the circuit court's personal jurisdiction over it, we cannot say that the circuit court lacked personal jurisdiction over Comcast, the named defendant in the Rule 224 action. By providing that Comcast give the Doe appellants notice and an opportunity to object, the circuit court essentially granted the Doe appellants leave to intervene in this action. The Doe appellants, in turn, availed themselves of the personal jurisdiction of the circuit court by entering an appearance and filing an objection. Accordingly, we will turn to the merits of the Rule 224 petition.

¶ 60                    c. *The Merits of the Rule 224 Petition*

¶ 61    Illinois Supreme Court Rule 224 provides that "[a] person or entity who wishes to engage in discovery for the sole purpose of ascertaining the identity of one who may be responsible in damages may file an independent action for such discovery." Ill. S. Ct. R. 224(a)(1)(i) (eff. May 30, 2008). The petition must be verified and must set forth "(A) the reason the proposed discovery is necessary and (B) the nature of the discovery sought." Ill. S. Ct. R. 224(a)(1)(ii) (eff. May 30, 2008). We review an order granting or

denying a Rule 224 petition for an abuse of discretion. *Stone v. Paddock Publications, Inc.*, 2011 IL App (1st) 093386, ¶ 12.

¶ 62 Our courts have held that in order to protect an anonymous individual from an improper inquiry into his or her identity, a Rule 224 petition must state with particularity the facts necessary to state a cause of action against the individual whose identity is sought. *Id*. ¶ 17 (citing *Maxon v. Ottawa Publishing Co.*, 402 Ill. App. 3d 704, 711 (2010)). More particularly, the facts outlining the causes of action that the petitioner has against the person whose identity is sought must be sufficient to overcome a motion to dismiss pursuant to section 2-615 of the Illinois Code of Civil Procedure (735 ILCS 5/2-615 (West 2012)), although the unidentified individual is not required to file such a motion. *Stone*, 2011 IL App (1st) 093386, ¶ 18. Rather, if the petitioner cannot satisfy the section 2-615 standard of pleading in its Rule 224 petition for early discovery, then the petitioner has not made an adequate statement that the discovery is "necessary" as required by the Rule. *Id.*

¶ 63 On appeal, the Doe appellants argue, and we agree, that Guava's petition for discovery before suit does not meet the pleading requirements of Rule 224. We find it unnecessary to address the Doe appellants' arguments regarding whether the petition states facts sufficient to constitute a cause of action under either the federal Computer Fraud and Abuse Act (18 U.S.C. § 1030(g) (2012)) or section 16D-3(c) of the Illinois Computer Crime Prevention Law (720 ILCS 5/16D-3(c) (West 2010) (now 720 ILCS 5/17-51(c) (West 2012))) because, contrary to the allegations of the petition that the subscribers to the IP addresses are responsible for hacking into Guava's computer

systems, such is not necessarily the case.

¶ 64    As one federal court has recognized, "the assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous." *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, at \*3 (E.D. N.Y. July 24, 2012).  "An IP address provides only the location at which one of any number of computer devices may be deployed, much like a telephone number can be used for any number of telephones." *Id.* "[D]ue to the increasing[ ] popularity of wireless routers," "a single IP address usually supports multiple computer devices–which unlike traditional telephones can be operated simultaneously by different individuals." *Id.*   "Unless the wireless router has been appropriately secured (and in some cases, even if it has been secured), neighbors or passersby could access the Internet using the IP address assigned to a particular subscriber \*\*\*." *Id.*   Accordingly, while Guava's petition for discovery before suit alleges that identifying the ISP subscriber associated with an IP address will identify the person who caused its damages, in reality, that person could be the subscriber, a member of his or her family, an employee, invitee, neighbor, or interloper.  Guava's Rule 224 petition fails to apprise the circuit court of the fact that further discovery would be necessary in order to identify an ISP subscriber as the alleged hacker and what steps it would take in order to make the factual connections that would be required in order to form a reasonable belief that the subscriber is the culpable party.  For this reason, Guava's Rule 224 petition cannot state with sufficient facts a cause of action against the persons whom the petition seeks to identify.  This defect alone is a sufficient reason to reverse the

31

circuit court's order allowing the petition.

¶ 65            2. The Petition for Rule to Show Cause/Sanctions

¶ 66            a. *Standing in the Circuit Court*

¶ 67    The remaining issues on appeal concern the circuit court's order striking the Doe appellants' petition for rule to show cause and notice requiring the attendance of certain representatives of Guava at a hearing on the petition pursuant to Illinois Supreme Court Rule 237(b) (eff. July 1, 2005). Based on our review of the transcript of the February 21, 2013, hearing, the circuit court's order appears to be based on the premise that the Doe appellants did not have standing to petition the circuit court for a rule to show cause or issue a notice to appear pursuant to Rule 237(b). The issue of standing is one of law that we review *de novo*. *Nationwide Advantage Mortgage Co. v. Ortiz*, 2012 IL App (1st) 112755, ¶ 19.

¶ 68    In its December 12, 2012, order, the circuit court required that Comcast provide the Does with notice that their identity was subject to disclosure unless they filed an objection with the circuit court by January 25, 2013. In so doing, the circuit court invited the Does to intervene in the action, as was wholly appropriate as their interests in the disclosure of their identities was the subject matter of the action, and as such, the Does are necessary parties. See *Keehner v. A.E. Staley Manufacturing Co.*, 50 Ill. App. 3d 258, 267 (1977) (holding that an individual having a substantial interest in a matter such that the matter cannot be resolved without affecting that interest is a necessary party). Accordingly, the Doe appellants, by filing their objections, became parties to this action and should be afforded the same rights as any other party, including the right to file a

32

petition for rule to show cause and a notice to appear at any hearing with regard to same pursuant to Illinois Supreme Court Rule 237(b) (eff. July 1, 2005). The circuit court erred in striking the petition for rule to show cause and the Rule 237(b) notice to appear, and we reverse and remand for an evidentiary hearing on the petition for rule to show cause.

¶ 69                    b. *Motion for Sanctions on Appeal*

¶ 70    We turn briefly to the Doe appellants' motion for sanctions on appeal pursuant to Illinois Supreme Court Rules 137 (Jan. 4, 2013), 375 (eff. Feb. 1, 1994), and 366(a)(3) to (5) (eff. Feb. 1, 1994), and Guava's motion to strike and motion to dismiss the appeal. First, we hereby deny Guava's motion to strike the Doe appellants' motion for attorney fees and to dismiss the appeal. Turning to the Doe appellants' motion for attorney fees, as detailed above, the basis for the motion for attorney fees is essentially the same as that set forth in the petition for rule to show cause. As outlined in more detail below, this court is alarmed at the allegations set forth in the petition for rule to show cause and the motion for sanctions on appeal. However, a determination of the merits of these allegations and the degree of culpability to be attributed to those responsible for the petition for discovery before suit will require an evidentiary hearing. This court is not in a position to adjudicate the merits of the Doe appellants' allegations of false and frivolous pleading, harassment, extortion, identity theft, and forgery. This court is of the firm conviction that justice requires inquiry by the circuit court and that a full evidentiary hearing of the Doe appellants' petition for rule to show cause take place. However, because this court is not the proper arbiter of these matters, we hereby deny the Doe

33

appellants' petition for attorney fees and sanctions on appeal. Nevertheless, we note that because the Doe appellants are the prevailing party in this appeal, they may petition for their costs on appeal pursuant to Illinois Supreme Court Rule 374 (eff. Feb. 1, 1994). In addition, attorney fees on appeal can be sought in the circuit court after the hearing on the petition for a rule to show cause.

¶ 71                            c. *Proceedings on Remand*

¶ 72    From the record on appeal, as outlined at length throughout the course of this disposition, the issues to be addressed in the circuit court upon remand of the Doe appellants' petition for rule to show cause include, but are not necessarily limited to, the following: (1) whether Guava and/or its representatives, including its attorneys, knew, or whether through reasonable inquiry they should have known, that their allegation that at least one of the IP addresses listed in the petition for discovery before suit was associated with a Comcast subscriber who resided in St. Clair County was false; (2) whether the verification of the petition for discovery before suit was forged; (3) whether the verification was made by a person who is an actual corporate representative of Guava; (4) whether Guava was the real party in interest in this action; (5) whether Guava is a true LLC with standing to institute this action, and, if not, whether its representatives and/or attorneys had knowledge of this fact; (6) whether Guava ever had the intention of making efforts or reasonable inquiry to uncover sufficient facts to form a basis to state a cause of action against the Does or whether its purpose in instituting this action was to harass and/or extort the Does without forming a reasonable basis to believe they were the culpable parties; (7) whether Guava knew or should have known that its allegation that

34

the ISP subscribers associated with the IP addresses listed in Exhibit A to the petition for discovery before suit were necessarily the persons against whom there was a cause of action was not well-grounded in fact; (8) whether the attorneys who represented Guava in this action had personal interests in Guava and whether they intentionally hid such interests from the court; (9) whether Guava engaged in sanctionable conduct directed toward those Does whose identities were disclosed in this case; and (10) the relative culpability of lead and local counsel in relation to any findings of misconduct.

¶ 73 We recognize that the petition for rule to show cause that was filed in the circuit court requested sanctions pursuant to Illinois Supreme Court Rule 137 (eff. Jan. 4, 2013), as well as punishment for indirect criminal contempt of court. We note that a petition initiating indirect criminal contempt proceedings should not have the title "Petition for Rule to Show Cause," which is the designation commonly used for a petition initiating an indirect civil contempt proceeding. *In re the Marriage of Betts*, 200 Ill. App. 3d 26, 58 (1990). Instead, a petition initiating indirect criminal contempt proceedings should have the title "Petition for Adjudication of Criminal Contempt," because a respondent in indirect criminal contempt proceedings enjoys the privilege against self-incrimination and therefore cannot be required to "show cause" why he should not be held in indirect criminal contempt. *Id.* at 58-59. In addition, indirect criminal contempt proceedings must generally conform to the same constitutionally mandated procedural requirements as other criminal proceedings. *Id.* at 58. On remand, the Doe appellants should be required to amend their pleadings to conform to the requirements that are commensurate with the type of relief they are requesting for Guava and/or its representatives' alleged

misconduct, and the circuit court shall take care to ensure that the procedural requirements necessary to the proceedings are in place.

¶ 74                                    CONCLUSION

¶ 75    For the foregoing reasons, we reverse the orders of the circuit court and remand with directions that the circuit court dismiss Guava's petition for discovery before suit, proceed to an evidentiary hearing on the Doe appellants' petition for a rule to show cause, and compel the attendance of the persons named in the Doe appellants' Rule 237 notice to appear.  We deny Guava's motion to strike motion for attorney fees and to dismiss the appeal.  However, because we find that the circuit court is the proper arbiter of the Doe appellants' allegations of frivolous pleading, fraud, identity theft, and extortion, we deny the Doe appellants' motion for attorney fees pursuant to Illinois Supreme Court Rules 137, 375, and 366(a)(3) to (5).


¶ 76    Reversed and remanded with directions; motions denied.

2014 IL App (5th) 130091
NO. 5-13-0091
IN THE
APPELLATE COURT OF ILLINOIS
FIFTH DISTRICT

| GUAVA LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 12-MR-417 |
| | ) | |
| COMCAST CABLE COMMUNICATIONS, | ) | |
| LLC, | ) | |
| | ) | |
| Respondent | ) | |
| | ) | |
| (John Doe 68.58.68.84, John Doe 71.229.73.180, | ) | |
| John Doe 67.162.81.65, John Doe 75.150.227.205, | ) | |
| John Doe 98.213.192.42, John Doe 76.29.35.172, | ) | |
| John Doe 98.214.217.213, John Doe 67.167.13.99, | ) | |
| John Doe 67.173.94.229, John Doe 98.213.182.122, | ) | |
| John Doe 67.174.24.44, John Doe 24.15.225.33, | ) | |
| John Doe 71.194.189.101, John Doe 71.57.3.17, | ) | |
| John Doe 98.213.129.83, John Doe 98.213.177.66, | ) | |
| John Doe 67.173.71.42, John Doe 68.57.233.25, | ) | Honorable |
| John Doe 67.162.51.34, and John Doe 67.167.112.22, | ) | Andrew J. Gleeson, |
| Movants-Appellants). | ) | Judge, presiding. |

**Opinion Filed:**            **May 20, 2014**
**(This Attorneys' publication**
**sheet corrected May 23, 2014)**

| **Justices:** | Honorable Stephen L. Spomer, J. |
| | |
| | Honorable Thomas M. Welch, P.J., and |
| | Honorable Melissa A. Chapman, J., |
| | Concur |

| **Attorneys for Appellants** | Thomas V. Leverso, Law Offices of Thomas V. Leverso, 33 West Higgins Road, Suite 3080, South Barrington, IL 60010; Laura K. Beasley, Joley, Nussbaumer, Oliver & Beasley, P.C., 8 East Washington Street, Belleville, IL 62220; Erin K. Russell, The Russell Firm, 233 South Wacker Drive, 84th Floor, Chicago, IL 60606 (attorneys for Movant-appellants (John Doe, etc.)) |
| | |
| | Andrew G. Toennies, Lashly & Baer, P.C., 714 Locust Street, St. Louis, MO 63101 (**NO BRIEF FILED**; attorney for Respondent (Comcast Cable Communications, LLC)) |

| **Attorney for Appellee** | Paul A. Duffy, Duffy Law Group/Prenda Law, 2 North LaSalle Street, 13th Floor, Chicago, IL 60602 (**NO BRIEF FILED**) |